RANDALL v. CHRISTIANSEN.

**Highways:** INTERFERENCE WITH INGRESS TO ADJOINING PROPERTY: CONSTRUCTION OF STATUTE: VESTED RIGHTS. Section 989 of the Code, as amended by chapter 87, Laws of 1886, providing that it shall not be lawful for the road supervisor "to destroy or injure the ingress or egress to any property," was not intended to prevent necessary improvements in the highways, where they can be made without material injury to adjacent property, even though some inconvenience might result to the owners of such property. And in this case, where plaintiff, a practicing physician, had graded the street in front of his dwelling and office to suit his convenience, making a smooth driveway to his premises, and had so maintained it for many years, *held* that he thereby acquired no vested right as against the road supervisor, and that an injunction restraining the supervisor from so grading the street as to leave a ditch or gutter six inches deep in front of his premises was properly denied,—there being no reason to presume that the supervisor would not use due care in providing a proper crossing.

*Appeal from Des Moines District Court.*—HON. CHAS. H. PHELPS, Judge.

FILED, DECEMBER 18, 1888.

APPEAL from an order of the district court refusing an injunction.

*T. B. Snyder*, for appellant.

*C. L. Poor*, for appellee.

ROBINSON, J.—The plaintiff applied to the district court for a temporary injunction to restrain defendant, as road supervisor, from making certain proposed changes in the street in front of block 7, in the unincorporated village of Augusta. The application was denied. From the pleadings and affidavits used on the hearing in the court below, it appears that plaintiff is a practicing physician, and the owner of the block aforesaid; that

his office and place of residence are on the block, and that in the practice of his profession he has frequent occasion to pass from the block to the street, and from the street to the block, at all hours of the day and night; that he has kept the street in front of his property leveled and graveled at his own expense for many years; that defendant, as road supervisor, has commenced work upon the street, and, unless restrained, will make it higher in the center than at its sides, and will construct in front of said property of plaintiff a ditch to a depth of from four to six inches. Plaintiff insists that, if defendant is permitted to make the proposed changes in the street, the plaintiff's ingress and egress to said block will be greatly injured, and that the surface water, which now has a natural outlet across his premises, will be turned into the ditch, and will wash it to a great depth, to the irreparable injury of plaintiff.

The defendant concedes that the proposed changes in the street "would make access to plaintiff's property a trifle less convenient," but insists that they are necessary to the proper working in the street. He denies that the surface water would necessarily be diverted from its natural outlet across the premises of plaintiff. The record sustains the claims of defendant, and the question we are required to determine is whether the fact that the proposed changes in the street would render the premises of appellant somewhat less accessible is sufficient to require defendant to refrain from making them. Appellant insists that it is, and relies upon section 989 of the Code, as amended by chapter 87 of the Acts of the Twenty-First General Assembly, in support of his position. That section, as amended, provides that it shall not be lawful for the road supervisor "to destroy or injure the ingress or egress to any property, or to turn the natural drainage of the surface water, to the injury of the adjoining owners." It is said that any change by the supervisor, however slight, to the means of entering or leaving the premises, is prohibited by the provision quoted. But it is our duty to give it such a construction as will carry into effect the intent of the

Randall v. Christiansen.

general assembly. If the construction contended for by appellant is the true one, then improvement of the highway would be practically impossible in many cases when greatly needed, and the general public would suffer accordingly. The law was designed to protect the owner in the use and enjoyment of his property, and to prevent interference on the part of road supervisors, but it was not intended to prevent necessary improvements in the highways, where they can be made without material injury to adjacent property, even though some inconvenience might result to the owners of such property. It is evident in this case that no substantial right of the plaintiff is threatened. The inconvenience which can be caused by a ditch six inches in depth, furnished with proper approaches or coverings, is too insignificant to justify a court of equity in interfering. We cannot presume that the defendant will not use due care in providing a proper crossing, and, if such a crossing is made, the purpose of the law will be accomplished, and the plaintiff will have no cause for complaint. The fact that plaintiff has for many years kept the street in front of his property in such condition as he desired it to be in is not material. That gave him no vested right, as against the road supervisor. The preponderance of the evidence shows that plaintiff has no reasonable ground for apprehending danger from the effects of the overflow or surface water in the ditch. We therefore conclude that the order of the court below in refusing a temporary injunction was correct, and it is therefore

AFFIRMED.