WILLIAM H. RANDALL, Appellant, v. ANDREW CHRISTIANSON *et al.*, Appellees.

**Pleading**: PETITION: AMENDMENTS: DISCRETION OF COURT.   The plaintiff's petition for an injunction to restrain the defendant, as road supervisor, from making certain proposed changes in a public highway in front of the plaintiff's premises having been denied, *held*, that in striking from the files, upon the motion of the defendant, an amended and substituted petition, and an amendment thereto, making the bondsmen of said road supervisor parties defendant, and asking damages on account of changes made in the highway in front of the plaintiff's premises, no abuse of the discretion of the court was shown.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

TUESDAY, FEBRUARY 2, 1892.

APPEAL by the plaintiff from a judgment sustaining the defendants' motion to strike the plaintiff's amended and substituted petition and amendment thereto, and dismissing the action at the plaintiff's cost in default of further pleading.—*Affirmed.*

*T. B. Snyder*, for appellant.

*C. L. Poor*, for appellees.

GIVEN, J.—June 6, 1888, the plaintiff filed his petition in equity against the defendant, Andrew Christianson, praying for an injunction to restrain him, as road supervisor, from making certain proposed changes in a public street in front of property owned by the plaintiff. The application was denied, and, upon an appeal taken by the plaintiff, the judgment was affirmed in this court. 76 Iowa, 169. Thereafter, on August 19, 1890, the plaintiff filed an amended and substituted petition making N. C. Christianson and William Fisher additional defendants, and alleging that they were sureties on an official bond of Andrew Christianson as road supervisor, and alleging as cause of action as follows:

"That, during the summer of 1888, defendant A. Christianson, as road supervisor, unlawfully and wrongfully plowed up the gravel placed by plaintiff on said highway, and cut a ditch in front of his premises, thereby injuring and destroying his means of ingress and egress to and from the same. That in doing said work said Christianson wrongfully turned the natural drainage of the surface water on said highway so that now, instead of flowing through the ravine or natural water way, just north of plaintiff's residence, in a southeasterly direction from said highway as theretofore it had done, such water now flows along the side of said highway in front of plaintiff's premises to his great injury and damage."

The defendants' demurrer was sustained on the ground that neither the bond nor any copy thereof was incorporated in the pleadings, whereupon, on January 20, 1890, the plaintiff filed an amendment to the substituted petition, stating the amount and condition of the bond and that the same was lost and could not be found. September 15, 1890, the defendants moved to strike the amended and substituted petition and the amendment thereto from the files, upon the ground that they were filed without legal right; that, under the decision of this court, the defendants had a right, as road supervisors, to do the acts complained of; that the papers are not an amendment to the original petition, but an attempt to substitute an action at law on the bond in place of original action in equity; and that the allegations are frivolous.    October 19, 1890, this motion was sustained, and the plaintiff refusing to further plead, "and no evidence being offered in support of the original bill, and the case being submitted on the petition and answer, the court finds the equities to be with the defendants."    Judgment was rendered against plaintiff for costs.

"The right to amend a pleading is not an absolute and unconditional right.    It is to be allowed in furtherance of justice under a sound judicial discretion."    *Brockman v. Berryhill*, 16 Iowa, 184.    There was no abuse of the sound discretion given to the court in such cases.    Whether, under the provisions of the Code and the record in the case, the court might have properly allowed these amendments, we do not determine.    One sufficient reason for refusing to allow the amendments is the fact that the cause of action set up therein accrued after the case was commenced.    This action was begun to prevent the defendant, Andrew Christianson, from doing that which it is charged in the amendments he afterwards did to the damage of the plaintiff.

The judgment of the district court is AFFIRMED.