JOHN R. VANSICKLE, Appellant, v. DRAINAGE DISTRICT NO. 1, Respondent.

St. Louis Court of Appeals, January 5, 1915.

DRAINAGE DISTRICTS: Damages to Land: Res Adjudicata. An owner of lands within a drainage district organized under Sec. 5578, R. S. 1909 *et seq.,* cannot recover from the district for damages to his land caused by the flooding thereof and the pollution of his well from water flowing through the ditch, since it is conclusively presumed that the viewers allowed damages for such injuries, pursuant to Sec. 5586, and therefore, the question is *res adjudicata,* whether the owner availed himself of his rights under the statute or not.

Appeal from Knox Circuit Court.—*Hon. Charles D. Stewart,* Judge.

AFFIRMED.

*C. M. Smith* and *G. R. Balthrope* for appellant.

*F. H. McCullough* and *D. A. Rouner* for respondent.

NORTONI, J.—Plaintiff prosecutes this appeal from a judgment of the court sustaining a demurrer to his petition.

Defendant is a drainage district, organized under the statute, and plaintiff owns a farm within the district situate on the Salt river bottoms, in Knox county. The petition states the defendant drainage district was organized and incorporated by a proper proceeding in the county court of Knox county, under the provisions of the act concerning the drainage of swamp and overflowed lands, approved April 7, 1909. [See Laws of Missouri, 1905, page 180, et seq.] It is averred, too, that plaintiff owns about 200 acres of land in the Salt river bottoms and within and affected by the defendant drainage district.. It then proceeds to complain of defendant, to the effect that it carelessly and negligently injured and depreciated the value of plaintiff's land so situate within the district, by causing ditches to be washed across the land and pools of water to accumulate thereon, destroying his well, etc. It is set forth in the petition that plaintiff's land is lower than other land within the district upstream, and that, at the point where the drainage ditch commenced, the bank of Salt river was about eight feet high; that the drainage ditch constructed by defendant under the statutes at the point of beginning intercepted the river where its bank was high and permitted the water to flow through the same and over plaintiff's lowland where the banks of the drainage ditch were only two and one-half feet high. Because of this plaintiff prays a recovery in damages and also equitable relief.

The court very properly sustained the demurrer to the petition, for obviously the damages complained

of were taken into account by the viewers, and now lie within the realm of *res adjudicata*. The act under which the drainage district is organized provides for a competent board of viewers, who, after being duly sworn, shall ascertain, among other things, the damages, if any, to be compensated on account of lands prejudicially affected within the district by the construction of the proposed ditch. Moreover, all persons whose lands may be affected by the ditch are authorized to appear before the viewers and freely express themselves with respect to all matters pertaining thereto.

Section 8286, Laws of Missouri, 1905, page 183, besides authorizing the viewers to condemn the right of way and allow damages therefor, after deducting benefits to such landowners as are benefited, authorizes them to allow compensation for damages to such lands as are not benefited. Any person whose lands are affected by the proposed improvement may file exceptions to the report of the viewers in the county court, under section 8292, and a trial with respect to the subject-matter is there provided for before the latter tribunal. If such exceptions of the landowners are overruled, an appeal may be had by the landowner, on proper application. On such appeal, the statute provides there may be determined either or both of the following questions: First, whether compensation has been allowed for property appropriated, and second, whether proper damages have been allowed for property prejudicially affected by the improvements. [See section 8292, Laws of Missouri, 1905, page 185.] Section 8294, Laws of Missouri, 1905, page 186, provides if the owner or persons interested in the land, appropriated or damaged by the proposed ditch or other improvement, fail to file written exceptions, as provided in section 8292 to the award made by the viewers touching the land so appropriated or damaged, such

owner or person interested shall be deemed to have acquiesced in such award.

It does not appear from the petition whether plaintiff filed exceptions to the report of the viewers or not, but this is immaterial, for the fact that the remedy was open to him under the express provisions referred to concludes the matter as to the damages claimed here. Manifestly the damages complained of—that is, such as resulted to plaintiff's land within the district from the establishment of the drain—fall within the purview of the viewers or commissioners in performing their office under the statute. In this suit, collateral to the proceeding establishing the district, it is conclusively presumed the viewers considered and adjudicated all matters of damages falling within the scope of their authority, and especially is this true where the petition, as here, contains no averment to the contrary. It is clear that the damages to plaintiff's land within the district so prejudicially affected as by permitting the water to come from the river through the ditch and overflow his premises so as to wash ditches therein, accumulate pools thereon, and pollute the water in his well relate to the very subject-matter within the contemplation of the viewers authorized to assess damages and the amount of compensation to be paid to landowners either not benefited by the district or to set off damages against benefits in cases where such were proper with respect to lands benefited.

The question made on these facts has been expressly decided several times in the neighboring State of Illinois as one of *res adjudicata* as to such damages to lands within the district. [See McGillis v. Willis, 39 Ill. App. 311; Elmore v. Drainage Commissioners, 135 Ill. 269; Russell, etc. Drainage District v. Pinkstaff, 41 Ill. App. 504.] The case of Bungenstock v. Nishnabotna Drainage District, 163 Mo. 198, 64 S. W. 149, relied upon by plaintiff, is not in point, for there

the suit concerned and sought a recovery for damages occasioned by the drainage district to lands not within the district. However, even in that case, the court clearly recognized the principle that one may not recover on account of damages to land within the district presumed to have been compensated theretofore.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.