## COUNTY OF MILLE LACS v. S. L. KENNEDY.[1]

April 23, 1915.

Nos. 18,888—(34).

**Ditch — engineer's survey.**

1. An engineer, appointed to make a survey and report in a ditch proceeding, may extend the ditch beyond the limits named in the petition when "desirable and practicable and when necessary to the complete drainage of lands likely to be assessed for the ditch originally petitioned for."

**Negligence of engineer.**

2. An engineer who exercises the care, skill and ability usually exercised by the members of his profession is not liable in damages for an honest error in judgment.

**Action against engineer — evidence.**

3. Appellant, the engineer in a ditch proceeding, provided in his report for extending the ditch about three miles beyond the limits named in the petition.　The evidence shows that such extension was desirable, practicable and necessary for the efficient drainage of the lands within the original assessment limits, and will not sustain a verdict to the contrary.

Action in the district court for Mille Lacs county against S. L. Kennedy and the National Surety Company of New York to recover $1,000 upon their bond for the negligence and malfeasance of defendant Kennedy as engineer of a certain ditch.　The separate answer of defendant Kennedy, among other matters, alleged that he dili-

---

[1] Reported in 152 N. W 406.

gently, honestly and to the best of his ability performed his duties as engineer as required by the order appointing him and by the statutes of the state; that in his survey and report he included certain lateral branches and a certain extension of the ditch above the starting point named in the petition and made certain deviations from the starting point, route and terminus named; that each of such lateral branches and such extension above the starting point, and each deviation made by him from the starting point, route and terminus set forth in the petition was desirable, practicable and necessary to the complete drainage of the lands likely to be assessed for the ditch petitioned for, and were each made in good faith and so as to drain the lands likely to be assessed for the ditch most effectively at the least possible expense. The separate motions of defendants for judgment in their favor upon the pleadings were denied and the case was tried before Roeser, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $200 in favor of plaintiff.

From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant Kennedy appealed. Reversed and judgment directed for defendant.

*John F. D. Meighen* and *Bennett O. Knudson,* for appellant.
*Olin C. Myron,* for respondent.

TAYLOR, C.

The board of county commissioners of Mille Lacs county appointed defendant Kennedy engineer for county ditch No. 10 of that county. As described in the petition therefor, the ditch was about four miles in length; as described in the report of the engineer, it was about seven miles in length. At the hearing at which the reports of the engineer and of the viewers were presented, the county commissioners refused to establish the ditch and dismissed the proceeding. Thereafter the county, alleging that the engineer had wrongfully extended the ditch beyond the limits fixed in the petition, brought this action against him and the surety on his bond to recover the expenses incurred by the county. These expenses amounted to the sum of $983.42. The jury returned a verdict for $200. Defendant Ken-

nedy made a motion for judgment notwithstanding the verdict or for a new trial, and appealed from an order denying his motion.

The statute provides that "the engineer, when it is desirable and practicable and when necessary to the complete drainage of lands likely to be assessed for the ditch originally petitioned for, may provide for the drainage of lands not likely to be assessed for the ditch, originally petitioned for, by extending the ditch or drain or watercourses beyond the limits named in the petition, or by putting in branches, or by providing that different parts of such ditch or drain shall flow in different directions with more than one outlet, and in all such cases the viewers shall assess benefits and damages to such additional lands." Section 5526, G. S. 1913.

This statute authorizes the engineer to extend the ditch beyond the limits named in the petition when "desirable and practicable and when necessary to the complete drainage of lands likely to be assessed for the ditch originally petitioned for." Plaintiff cites Lager v. County of Sibley, 100 Minn. 85, 110 N. W. 355, and Jurries v. Virgens, 104 Minn. 71, 116 N. W. 109, as holding otherwise. Those cases are not controlling, for the reason that the present statute differs materially from the statutes there considered, and for the further reason that those actions did not involve any controversy between the county and the engineer, but were brought by property owners affected by the ditch. The ditch in controversy extends along a small stream known as Vondel brook. This brook has its source in a bog or swamp about two and one half miles beyond the place designated in the petition as the head of the ditch and runs through boggy and swampy land to the point where the ditch terminates. A short distance above the head of the brook and in the same drainage basin, there is a depression or pocket in which surface waters collect and from which they apparently seep through into the swamp or bog where the brook starts. The "lands likely to be assessed for the ditch originally petitioned for" extend up the brook a considerable distance beyond the point named in the petition as the head of the ditch. Defendant provided for extending the ditch up the brook and through the swamp in which the brook starts to the pocket above mentioned, and claims that such extension is necessary to prevent

the water above the lands to be assessed for the original ditch from flowing and percolating over and through such lands.

It is conceded that defendant is an able and skilful engineer; that he made a painstaking examination and investigation to determine the character and extent of the ditch necessary to drain the lands included in the original project; and that he acted in good faith and according to his best judgment in providing for the extension of the ditch shown in his report. His skill, carefulness and good faith are impugned in no way. The case was submitted to the jury upon the theory that if they found that defendant had extended the ditch beyond the assessment limits of the original ditch, he was liable in damages, unless they also found that such extension was necessary in order to drain the lands within such original assessment limits. They were told in effect that, if their judgment as to the necessity for the extension did not accord with that of defendant, they should find a verdict against him, notwithstanding the fact that he had exercised proper care and skill and had acted in entire good faith. Such is not the law. If an engineer acts honestly and in good faith, and exercises the care and skill usually exercised in his profession, he is not liable in damages for misfeasance whenever a jury of laymen may disagree with his conclusions. Where he exercises proper care, skill and ability he cannot be made to respond in damages for an honest error in judgment. But in the present case there is no evidence that defendant erred in judgment. The only witnesses who testified in the case were the county surveyor, the three viewers and the county auditor on behalf of plaintiff, and defendant on his own behalf. The testimony of the county auditor was confined to the matter of the records in his office and was merely formal. The county surveyor, who was familiar with the entire situation, testified in effect that the extension made by defendant was proper and necessary under the circumstances, and that, if he himself were to lay out the ditch according to his own best judgment, he should make the same extension that defendant made. The testimony of the viewers, in substance, agreed with that of the county surveyor, and there is no substantial evidence in the record that the extension was not desirable, practicable and necessary for the efficient drainage of the lands

which would be assessed for the original ditch. As what has been said shows that plaintiff has failed to establish a cause of action, there is no occasion to discuss the other questions presented.

The order appealed from is reversed and the trial court will render judgment for the defendant.