## ANNA B. CHRISTENSEN v. H. B. PLUMMER and Others. [1]

July 23, 1915.

Nos. 19,108—(61).

**Malicious conspiracy — evidence.**

> The jury found that defendants discharged plaintiff maliciously for the purpose of injuring her professional reputation and not in the proper performance of any official duty. *Held* that the evidence is sufficient to sustain the verdict; that there were no reversible errors in the rulings upon the admission of evidence; that the charge of the court was correct; and that the verdict as reduced by the court is not so excessive as to justify this court in interfering with it.

Action in the district court for Clay county to recover $5,000 from the officers and directors of the independent school district of the village of Hawley and O. E. Smith, principal of schools of that district, for conspiracy to prevent plaintiff from exercising her lawful calling as a school teacher in that district by maliciously dis-

[1] Reported in 153 N. W. 862.

charging her without any notice or hearing. The case was tried before Nye, J., who when plaintiff rested denied separate motions of defendants to dismiss the action, and a jury which returned an affirmative answer to the questions found in the opinion and a general verdict of $2,000. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, provided plaintiff consented to a reduction of the verdict to $1,200, defendants appealed. Affirmed.

*Christian G. Dosland,* for appellants.

*James M. Witherow, Charles S. Marden* and *William Elder,* for respondent.

TAYLOR, C.

Plaintiff was employed as a teacher in the Hawley schools under a written contract, which provided that the contract might be terminated by the board of education whenever in its judgment the interests of the school should demand it. She began teaching on September 8, 1913, and was discharged on January 24, 1914. She brought suit for damages against the principal of the school and five of the six members of the board of education, on the ground that they had maliciously conspired together to discharge her without cause, under color of official authority, for the purpose of exposing her to ignominy and disgrace and injuring her professional standing; and, without cause or excuse, had prevented her from exercising her lawful calling of a teacher to the impairment of her earning ability.

In addition to the general verdict, the court submitted two questions for the jury to answer, viz:

1. "Did defendants conspire to prevent the plaintiff, Anna B. Christensen, from exercising her calling as a public school teacher?"

Answer: "Yes."

2. "Did the defendants, except O. E. Smith, as members of the school board of Independent School District of the village of Hawley, unlawfully and maliciously use their official powers to injure plaintiff in her calling as a public school teacher?"

Aswer: "Yes."

To both these questions the jury answered, "Yes." The O. E.

Smith mentioned was the principal of the school and much of plaintiff's evidence was directed toward showing ill-will on his part. The other defendants were members of the school board.

In a clear and accurate charge, the court, after defining the duties of the school officers, instructed the jury, "that the reasonable exercise of these duties cannot in any case form the basis of any legal action or claim, nor can the fact that such officers err in their judgment in the exercise of their duties form the basis of a claim for damages against such officials;" and after fully and correctly defining what would constitute malice, the court further instructed them that, "if defendants acting as officers and superintendent, under the circumstances referred to in the evidence, discharged plaintiff without cause and not for the purpose of promoting the best interests of the school, but for the purpose of venting personal animosity against plaintiff, then they would have acted maliciously within the legal definition of that term, and unless malice as thus explained has been shown by the preponderance of the evidence in this case plaintiff cannot recover."

The jury returned a verdict for plaintiff in the sum of $2,000. Defendants made a motion for a new trial which was denied on condition that plaintiff consent to reduce the verdict to the sum of $1,200. Defendants appealed.

It is clear, both from the charge of the court and from the special findings, that the verdict was based solely upon the ground that defendants had acted maliciously. The questions involved are quite similar to those considered in Faunce v. Searles, 122 Minn. 343, 142 N. W. 816. In that case Faunce, the superintendent of schools at Lakefield, brought a similar suit against a member of the school board and a patron of the school for maliciously causing the school board to break its contract with him. It was held that if the defendants with concert of action, and with malice, procured the school board to break its contract, they were liable as joint tort-feasors. In the present case defendants had the right to discharge plaintiff whenever in their judgment the interests of the school demanded it; but the jury found that plaintiff was discharged for the malicious purpose of injuring her and not in any proper exercise of the right

reserved in the contract. Defendants contend that the evidence does not sustain this finding. The evidence is voluminous and we shall not attempt to outline or summarize it. If we were to pass upon the question as jurors we might not reach the conclusion announced by the jury; but our province is limited to determining whether there is evidence from which the jury could legitimately arrive at such conclusion. An examination of the evidence satisfies us that the facts shown and the inferences permissible therefrom are such that this court is not justified in setting the verdict aside for lack of evidence; and we cannot substitute our judgment for that of the jury as to the weight of the evidence.

Numerous errors are assigned as to the rulings upon the admission of evidence, but we find no reversible errors in such rulings, especially when viewed from the standpoint of the rules governing the admission of evidence in suits against joint tort-feasors.

Some exceptions are taken to the charge, but we find the charge full, clear and correct, and think the criticisms not well founded.

Defendants insist that the verdict as reduced by the trial court is still excessive. We think the amount large, but not so unreasonable as to justify this court in interfering therewith.

Order affirmed.