## IN RE JUDICIAL DITCH NO. 12, RENVILLE COUNTY.[1]

### December 10, 1920.

### No. 21,943.

**Judicial ditch—description of route.**

1. Under the facts stated in the opinion, there was not such a departure from the description of the route of a judicial ditch as to invalidate the order establishing it.

**Same—report by referee on plan of drainage.**

2. The court directed the referee, who had been appointed in the ditch proceeding, to report upon the plan of drainage adopted by the engineer. There was no error in doing so.

**Same—no arbitrary assessment of benefits.**

3. The evidence did not require a finding that the cost of construc-

[1] Reported in 180 N. W. 119.

tion exceeded the benefits or that benefits were arbitrarily assessed by the viewers at amounts sufficient to meet the statutory requirement that the cost of construction shall not exceed the benefits.

**Modification of engineer's plan by referee.**

    4. The court did not err in adopting the plan of the engineer, with the modifications proposed by the referee, instead of the plan reported by the engineer.

Upon the relation of William Glesener the supreme court granted its writ of certiorari directed to the district court for Renville county and the Honorable Richard T. Daly, judge thereof, to review the order of that court establishing Judicial Ditch No. 12. Affirmed.

*Thomas V. Sullivan,* for relator.

*J. M. Freeman,* for respondent.

DIBELL, J.

  Certiorari on the relation of William Glesener to the district court of Renville county to review its order of March 10, 1920, establishing Judicial Ditch No. 12.

The contentions of the relator are these:

(1) That there was such a departure from the route of the ditch, as described in the petition, as to render the order invalid.

(2) That the court erred in directing the referee to report upon the plan of drainage adopted by the engineer.

(3) That the cost of construction exceeds the benefits and that benefits were arbitrarily assessed at amounts sufficient to meet the statutory requirement that the cost of construction shall not exceed the benefits.

(4) That the court erred in adopting the plan proposed by the referee instead of that reported by the engineer.

1. The petition for the ditch does not accurately describe the route finally adopted. It gives a starting point, not far from that of the ditch as established, and an outlet at a sufficiently definite point. The outlet, as established, is in a creek about three miles distant from that stated in the petition. The ditch from the point of outlet described in the petition to the outlet as established straightens a natural water-

course running to a definite outlet in a well defined creek. Branches and laterals were added and the drainage area extended so as to include all lands within the drainage basin, some 20 sections in all. On July 24, 1919, some of the objectors filed an objection to the ditch, in which the point was made that there was a departure from the original route. At the final hearing the objection was not urged so far as the record shows. The contest was upon grounds distinctly different. Neither the change of the outlet nor the extension of the drainage area constitutes a departure such as to invalidate the order establishing the ditch within the holdings in State v. District Court of Norman County, 131 Minn. 43, 154 N. W. 617, and County of Mille Lacs v. Kennedy, 129 Minn. 210, 152 N. W. 406.

2. At the first hearing T. S. Hewerdine was appointed engineer. Viewers were appointed. The proceeding dragged. On November 5, 1917, the engineer filed a report and on December 6, 1917, the viewers filed a report. The matter was resubmitted to the engineer and viewers. The engineer submitted a second and a third report, and the viewers submitted several. On March 8, 1918, the court appointed S. B. Gardner referee. On September 26, 1919, he was ordered to make a detailed report as to changes and improvements in the ditch. He was an engineer. E. L. Chamberlin, an engineer, was appointed to assist him. It is urged that the court was in error in directing the referee to report upon the engineering features of the ditch. The point of the argument is that the statute does not contemplate that the referee shall perform such duties. G. S. 1913 and 1917 Supp. § 5571. The statutory duties of a referee are much those of an auditor. It is not important to determine just what duties may be imposed upon him by the court. He made a report and suggested changes in the plans of the engineer. The court in addition invoked the aid of the department of drainage and waters of the state. Its commissioner, E. V. Willard, made an office report based on the reports of the engineer and referee and gave testimony at the final hearing. The engineer, Hewerdine, testified as also did Chamberlin who had been appointed to assist Gardner. The parties were before the court and a full opportunity to be heard was given.

We find no irregularity in the consideration of the report of the referee affecting the order establishing the ditch. There was trouble over the drainage project. The engineer and the referee, both competent engineers, differed. The landowners were not agreed. The court made use of the engineer and the referee and the state drainage commissioner, in an effort to determine the best plan of drainage. There was no error in this.

3. The viewers in their last report found benefits in excess of the cost of construction. The relator contends that the benefits were arbitrarily fixed at amounts exceeding the cost of construction to meet the requirement of the statute, which is in effect that the cost of construction shall not exceed the benefits. G. S. 1913, § 5564. The trial court was not of that view. Conceding that the question is open at this time, we find nothing in the evidence requiring us to accept relator's contention. The proceeding had been long continued. Changes were made in the ditch and lands were added. Land values increased. That the benefits to land wholly or partially reclaimed become greater as land values increase, requires no demonstration. Within two years prior to the order there was a marked increase in values. The benefits to reclaimed lands increased. The viewers made a blanket increase of $10 per acre. We see in this no error affecting the jurisdiction. Errors in individual assessments are not before us.

4. The court adopted the plan of the engineer as modified by the referee. The modified plan was approved by the drainage commissioner. The disagreements between the referee and the engineer were upon engineering questions. There was disagreement as to whether certain open ditches should have a 1 to 1 or a 1½ to 1 slope; as to whether certain open ditches should follow property and road lines, or should take the course of the natural flow of water; as to depths and grades in certain instances; as to when and just how tile ditches should be constructed, and as to some other details not necessary of mention. The trial court determined the ultimate question as one of fact. State v. Buckham, 108 Minn. 8, 121 N. W. 217. The evidence suggests no ground for disturbing its conclusion. So far as is determinable from the record, the

drainage plan results in a complete and efficient drainage of a natural watershed.

Order affirmed.