THE STATE ex rel. CHARLES W. HAUSGEN v. WILLIAM H. ALLEN et al., Judges of St. Louis Court of Appeals.

In Banc, April 28, 1923.

1. **DRAINAGE DISTRICT: Public Corporation.** A drainage district, organized under the statute pertaining to the organization of drainage districts by circuit courts, is a public corporation, exercising exclusively governmental functions, and is not a municipal corporation in the restricted sense of that term, because municipal corporations, while they exercise certain governmental functions, likewise exercise proprietary functions. A drainage district has no private or proprietary functions to perform, such as are exercised by cities, towns and villages, but is an agency of the State founded in public necessity, public convenience or public welfare.

2. ———: ———: **Negligence of Agents: Recovery of Damages.** In the absence of a statute declaring that a governmental agency, such as a drainage district, shall be liable for negligence, it is not liable in damages for injuries resulting from the negligence

of its officers or agents; and there is no statute making drainage districts liable for negligence. The owner of land within a drainage district cannot recover damages occasioned by the negligence of its officers or agents in the execution of a good and sufficient plan of reclamation; if the lands lie within the district, and the damage is caused by the overflow or seepage of water through levees or ditches negligently constructed in pursuance to a good and sufficient plan of reclamation, the district is not liable for such damage; and the Court of Appeals in so ruling did not contravene any prior decision of the Supreme Court decided in a case of the same set of facts.

## *Certiorari.*

PRELIMINARY WRIT DISCHARGED.

*R. L. Sutton* for relator.

(1) The opinion of the Court of Appeals is in conflict with Bungenstock v. Nishnabotna Drainage District, 163 Mo. 198, 223, the latest controlling decision of this court, which holds that a drainage district is liable in damages for the negligent or unskillful construction of the works or improvements constructed pursuant to the plans for drainage adopted for the reclamation of the lands in the district. Sec. 8238 et seq., R. S. 1889; Sec. 5946 et seq., R. S. 1909; Sec. 4378 et seq., R. S. 1919. (2) The opinion is in conflict with the latest controlling decisions of this court, which hold that a drainage district is a municipal corporation. Drainage District v. Turney, 235 Mo. 97; Barnes v. Const. Co., 257 Mo. 191; Wilson v. Drain. Dist., 257 Mo. 286; State ex rel. v. Taylor, 224 Mo. 269. (3) The opinion is in conflict with the latest controlling decisions of this court, which hold that a municipal corporation is liable for the negligent execution of the plan for a public improvement adopted by a corporation. Egg Co. v. Ice Co., 259 Mo. 692; Edmondson v. City of Moberly, 98 Mo. 525. (4) The interpretation placed by the opinion on the ruling in the Caldwell Case puts the Caldwell Case in conflict with all of the previous rulings of this court and of the Courts of Appeals and with all the authorities in other jurisdictions. Drainage District v. Turney, 235 Mo. 97; Barnes v. Const. Co., 257 Mo. 191; Bruntmeyer v. Drain. Dist.,

298 Mo.—29

196 Mo. App. 366; Walters v. Carthage, 10 N. C. C. A. 886; Goodwin v. Town of Beidsville, 2 N. C. C. A. 577; City of Logansport v. Newby, 6 N. C. C. A. 124; Wilson v. Boise City, 1 N. C. C. A. 207; Gibson v. St. Joseph, 216 S. W. (Mo.) 51; Gallagher v. Tipton, 133 Mo. App. 560; Ely v. St. Louis, 181 Mo. 730; Kinlough v. Maplewood, 201 S. W. (Mo.) 627; Woods v. Kansas City, 58 Mo. App. 279; Egg Co. v. Ice Co., 259 Mo. 692; Edmondson v. Moberly, 98 Mo. 526. (5) The opinion in holding that the officers of the district are not liable in damages in this case is in conflict with the following decisions: Bruntmeyer v. Drain. Dist., 196 Mo. App. 366; Bradbury v. Vandalia Levee Dist., 236 Ill. 45; Elmore v. Drainage Commrs., 135 Ill. 269; Santa Fe Drain. Dist. v. Waeltz, 41 Ill. App. 575; Russell Drain. Dist. v. Pinkstaff, 41 Ill. App. 504; McGillis v. Willis, 39 Ill. App. 311; Smith v. State, 117 Ind. 167; Cottingham v. Fortville Co., 112 Ind. 522; Merritt Township v. Harp, 141 Mich. 233; Bruggink v. Thomas, 125 Mich. 9; Chappel v. Smith, 80 Mich. 100; In re Lent, 47 App. Div. (N. Y.) 349; In re Lent, 62 N. Y. Supp. 227; Leary v. Camden Run Drain. Commrs., 172 N. C. 25; Bice v. Brown, 98 Wash. 416; Lawrence v. Municipal Corp., 5 Ontario Law, 369; Perkins v. Blauth, 163 Cal. 782; Brownell v. Fisher, 57 Cal. 150; Rives v. City of Columbia, 80 Mo. App. 173. (6) Drainage districts are liable for the negligent or unskillful acts of their officers or managing boards, in the construction or maintenance of the works or improvements prescribed by plans for drainage or reclamation adopted by such districts, and the defendant district, having through its officers and board of supervisors, negligently and unskillfully constructed the levee prescribed by the plan for drainage adopted by the district, is liable to the plaintiff for the damage resulting to his lands on account of such negligent and unskillful construction. Sec. 6517 et seq., R. S. 1889; Sec. 8238 et seq., R. S. 1899; Sec. 5496 et seq., R. S. 1909; Sec. 4378 et seq., R. S. 1919; Bungenstock v. Drain. Dist., 163 Mo. 223; Vansickle v. Drain. Dist., 186 Mo. App. 563; Bruntmeyer v. Drain. Dist., 196 Mo. App. 363; Carroll v. Little River Drain. Dist., 237 S. W. (Mo. App.) 208; Lunger v. Chrisman, 145 Ill. App. 543; Hutch-

chinson v. Clay Township, 14 Pa. Super. 546; Boschulte
v. Elk Horn Drain. Dist., 167 N. W. (Neb.) 730; Bunting
v. Oak Creek Drain. Dist., 99 Neb. 843; Dryden v. Peru
Bottom Drain. Dist., 99 Neb. 837; Leary v. Camden Run
Commrs., 172 N. C. 25; Linn v. Walla Walla County, 99
Wash. 224; Nicholson v. Inlet Swamp Drain. Dist., 280
Ill. 366; Jones v. Ry. Co., 84 Mo. 155; Sanitary District
v. Ray, 85 Ill. App. 115.    (7)   Drainage districts or-
ganized under our statute are municipal corporations,
and subject to the same rule as to liability for the negli-
gent acts of its officers as other municipal corporations.
Morrison v. Morey, 146 Mo. 561; Mound City Co. v.
Miller, 170 Mo. 240; Bruntmeyer v. Drain. Dist., 196 Mo.
App. 364; Drainage District v. Turney, 235 Mo. 97;
Barnes v. Const. Co., 257 Mo. 191; Carroll v. Little Drain.
Dist., 237 S. W. (Mo. App.) 208.

*D. E. Killam* and *Abbott, Fauntleroy, Cullen & Ed-
wards* for respondents.

(1)   The opinion of the Court of Appeals is not in
conflict with Bungenstock v. Nishnabotna Drainage Dis-
trict, 163 Mo. 198, and follows a long line of decisions of
the Supreme Court of this State, including its last and
controlling decisions.    State ex rel. Kinder v. Little
River District, 236 S. W. 848; State ex rel. Caldwell v.
Little River Drainage District, 236 S. W. 15; Land &
Stock Co. v. Miller, 170 Mo. 251; Drainage District v.
Turney, 235 Mo. 90; State ex rel. v. Taylor, 224 Mo. 469;
Morrison v. Morey, 146 Mo. 561; Barnes v. Const. Co., 257
Mo. 191; Wilson v. Drainage District, 257 Mo. 286; State
ex rel. v. District, 269 Mo. 458; Houck v. Drainage Dis-
trict, 239 U. S. 261; Little River Drain. Dist. v. Railroad,
236 Mo. 111. (2) Drainage districts are not "municipal
corporations" in the sense contended for by appellant.
Neither are they "private corporations" in any sense.
The term municipal corporation as applied to drainage
districts by the courts of this State, has been used with
reference to particular statutes and provisions of the
Constitution, and they have never been put in the class
of municipal corporations, such as cities, towns and vil-
lages.   In its strict and primary sense the term "munici-

pal corporation" applies only to incorporated cities, towns, and villages, having subordinate and local powers of legislation. Heller v. Stremmel, 52 Mo. 309; State ex rel. v. Little River Drain. Dist., 236 S. W. 15; State ex rel. Kinder v. Little River Drain. Dist., 236 S. W. 850; Wilson v. Trustees of Sanitary Dist., 133 Ill. 443; State ex rel. v. Drain. Dist., 192 Mo. 520; People v. Spring Lake Drain. Dist., 253 Ill. 479; People v. Hepler, 240 Ill. 196; Sels v. Green, 88 Fed. 129; People v. Sacramento Drain. Dist., 155 Cal. 373; Reclamation Dist. v. Sherman, 11 Cal. App. 399; Ferbrache v. Bonner Co. Drainage Dist., 23 Ida. 85; Speigel v. Barrett, 189 Mich. 111; Van Cleve v. Commissioners, 71 N. J. L. 183; Rood v. Claypool Drain., 120 Fed. 211. (3) Drainage districts incorporated under Article I, Chapter 41, Revised Statutes 1909, now Article I, Chapter 28, Revised Statutes 1919, entitled, "Organizations of Drainage Districts by Circuit Courts," are public corporations and have been held to be governmental agencies, constituting political subdivisions of the State. Sec. 4380, R. S. 1919; State ex rel. Caldwell v. Little River Drain. Dist., 236 S. W. 16; State ex rel. Kinder v. Little River Drain. Dist., 236 S. W. 850; Carder v. Drain. Dist., 262 Mo. 556; Levee District v. Rairoad, 240 Mo. 630; Morrison v. Morey, 146 Mo. 543; Mound City Land Co. v. Miller, 170 Mo. 240; Wilson v. Drain. Dist., 237 Mo. 39; Nauman v. Drain. Dist., 113 Mo. App. 575; Squaw Creek Drain. Dist. v. Turney, 235 Mo. 80; In re Little River Drain. Dist., 236 Mo. 94; Houck v. Drain. Dist., 248 Mo. 373; State ex rel. v. Ford, 268 Mo. 300; Birmingham Drain. Dist. v. Railroad, 274 Mo. 140; Houck v. Little River Drain. Dist., 239 U. S. 254; State ex rel. v. Blair, 245 Mo. 687. (4) A drainage district being a public corporation and a creature of the statute, has only such liabilities as are prescribed by the law which creates it, and in the absence of a statute imposing liability for negligence, no cause of action will lie against the district on account of the negligent construction of its works done and performed under statutory direction. Cassidy v. St. Joseph, 247 Mo. 205; Arnold v. Worth Co. Drain. Dist., 234 S. W.

(Mo. App.) 349; Greenwell v. A. V. Wills & Sons, 239 S. W. 582; Tant v. Little River Drainage Dist., 238 S. W. 848; 2 Farnum on Waters & Water Rights, pp. 1145, 1146; 1 Beach on Public Corp., pars. 462, 463; Ham v. Levee Commrs., 83 Miss. 534; Almond v. Board of Drain. Commrs., 147 Ga. 532; Richardson v. Levee Commrs., 68 Miss. 539; Nugent v. Levee Commrs., 58 Miss. 197; Sels v. Green, 81 Fed. 555; Hensley v. Reclamation Dist., 121 Cal. 96; Lamb v. Reclamation Dist., 73 Cal. 125; Elmore v. Drainage Commrs., 135 Ill. 269; Heffner v. Douglass Co., 75 Neb. 329; Wood v. Drain. Dist., 110 Ark. 416; Foohey Dredging Co. v. Mabin, 118 Ark. 1; Mitchell v. Hahn, 198 S. W. 528; McGillis v. Willis, 39 Ill. App. 311; Drainage District v. Pinkstaff, 41 Ill. App. 504; Drainage District v. Waeltz, 41 Ill. App. 575; Bruntmeyer v. Drain. Dist., 196 Mo. App. 363; Almond v. Board of Commrs., 147 Ga. 532; Packard v. Valtz, 94 Iowa, 277; Gaare v. Clay County, 90 Minn. 530; Florida v. Galveston County, 55 S. W. 540; Chicago Ry. Co. v. Drain. Dist., 135 Wis. 228.

GRAVES, J.—*Certiorari* to the St. Louis Court of Appeals. There was decided in that court the case of Chas. W. Hausgen, Appellant, v. Elsberry Drainage District et al., Respondents. The case originated in Lincoln County. The judgment of the circuit court was affirmed by the Court of Appeals, and the purpose here is to have such record, and opinion quashed. Among other things, the opinion recites:

"This is an action against a drainage district and the members of the board of supervisors thereof by the owner of lands lying within the district to recover for damage alleged to have been caused to plaintiff's land by reason of the alleged negligence of the defendants in and about the construction of the district's levees or dams. Demurrers of the defendants to plaintiff's amended petition were sustained. Plaintiff declined to plead further, and from a final judgment entered upon the demurrers plaintiff appeals. . . .

"From the averments of the petition it clearly appears that plaintiff's case proceeds upon the theory that a drainage district, organized under our statute pertaining to the organization of drainage districts by the circuit courts, and its servants and officers, are liable for damages sustained to property lying within the district by reason of negligence in constructing the levees or other like works of the district. The petition alleges that the plan for reclamation adopted by the board of supervisors provided for the erection of an adequate dike or levee along the outer boundaries of the district, so as to protect the lands within the district from overflow; but it is alleged that the defendants were guilty of certain acts of negligence in carrying out the plan so adopted, by reason whereof plaintiff's lands were flooded, resulting in the loss and damage for which plaintiff sues."

The trial court had sustained a demurrer to the petition of the plaintiff (relator here) and the Court of Appeals ruled, by its opinion and judgment entered in pursuance thereof, that such action was right and in accordance with law.

The precise question for decision in that court (as it is here) was whether or not one owning land within a drainage district can recover from the district damages growing out of the negligent construction of its drainage system, where it stands admitted that the plan of reclamation was good, and the damage only resulted from the negligent acts of the agents of the district in the execution of the plans. This, and none other, is the simple issue before us. By this we do not mean that we are to determine the issue as if the case were here in the first instance. The Court of Appeals has determined this issue adverse to relator, and that determination he avers to be in conflict with opinions of this court. The question of conflict of opinion upon the question, supra, is our real question. Incidentally comes in the question stated, supra.

I.    There are at least two lines of cases which have been collated in the briefs before us. There are cases,

of which the one here is an example, where recoveries are sought for damages to land within the district on account of alleged negligence in the construction of levees or ditches in the promotion of the reclamation plan.

Then we have cases wherein recoveries are sought for damages to lands which are not within the drainage district. With this latter class of cases we have no concern in the consideration of the case before us. We will no doubt have such cases at some time, and it is best to let such cases abide their time. We shall therefore confine this opinion to the matter really involved here, i. e. can the owners of land within a drainage district recover damages which have been occasioned by negligence in the execution of a good and sufficient plan of reclamation. It may not be amiss to say that the plaintiff's petition *nisi* is predicated upon the theory that the plan of reclamation was good, but that it was so negligently executed that plaintiff's lands were damaged by water flowing over and percolating through a levee, which had been negligently constructed. The rulings of this court touching this situation, and kindred cases, will be the only ones for present consideration. In connection with this real issue, we must consider and determine from our cases the character and nature of such drainage districts. The Court of Appeals ruled that they were public corporations performing governmental functions, and as such were not liable for the negligence of its agents and officers. Of their character first.

II. The status of a drainage district in the scheme of state government has been discussed from various angles in the sundry reported cases. In some instances the taxing power of the district has been questioned. [Morrison v. Morey, 146 Mo. l. c. 560.] In other cases the jurisdiction as between this court and a Court of Appeals has been in question. [Wilson v. Drainage District, 237 Mo. l. c. 46 et seq.] Another line of cases deals with the question where the matter of exemption from taxation is the vital issue. [State ex rel. Caldwell v. Little River Drain. Dist., 291 Mo. 72, 236 S. W. 15; State ex rel. Kinder v. Little River Drain. Dist., 291 Mo. 267,

236 S. W. 848.] So too, there are cases wherein the constitutionality of the drainage and levee laws have been in question. [Land & Stock Co. v. Miller, 170 Mo. l. c. 251 et seq.] From other angles the status of such a district has been discussed. From the courts of appeals there are cases discussing the liability of such districts for negligence. These we shall not discuss at this point.

From the opinion of the Court of Appeals in the instant case it can be gathered that the drainage district involved here has existed since April 13, 1911. It was therefore organized under the statutes of 1909. In these statutes it is provided that the circuit court "shall by it order, duly entered of record, duly declare and decree said drainage district a *public* corporation of this State," etc. The same language is used in Act of 1911. [Sec. 5499, Laws 1911, p. 207.] Likewise is the language used in Section 4380, Revised Statutes 1919. Thus by court decree under the provisions of law these districts are *public corporations of this State.* The purpose is to exercise governmental functions. They are not municipal corporations in the more restricted sense of that term, because such corporations exercise certain governmental functions, but likewise exercise proprietary functions. The status of the drainage district is well stated by RAGLAND, C., in State ex rel. Caldwell v. Little River Drainage District, 291 Mo. 72, thus:

"But notwithstanding the landowners have such a large voice in bringing them into existence and in managing their affairs, from the standpoint of the State the districts are none the less legislative agencies, exercising exclusively governmental functions:— the private benefits accruing to the individual landowners being purely incidental. [Land & Stock Co. v. Miller, 170 Mo. 240, 70 S. W. 721, 60 L. R. A. 190, 94 Am. St. 727; Irrigation v. Williams, 76 Cal. l. c. 367, 18 Pac. 379; Donnelly v. Decker, 58 Wis. 461, 473, 17 N. W. 389, 46 Am. Rep. 637.]

"The statutes of this State under which drainage districts are organized declare them to be public corporations. Because of their inherent nature and because

of the purposes for which primarily they are created, we have repeatedly held that they are not private corporations in any sense; that they are political subdivisions of the State, and exercise prescribed functions of government. [Mound City Land & Stock Co. v. Miller, 170 Mo. 240, 253, 70 S. W. 721, 60 L. R. A. 190, 94 Am. St. 727; Morrison v. Morey, 146 Mo. 543, 561, 48 S. W. 629; Drainage District v. Turney, 235 Mo. 80, 90, 138 S. W. 12.] We have also said that they are municipal corporations. [Wilson v. Drainage District, 257 Mo. 266, 286, 165 S. W. 734; State v. Taylor, 224 Mo. 393, 469, 123 S. W. 892.]''

These cases cited in the above excerpt support the definition stated above. To like effect is the conclusion of WHITE, C., in State ex rel. Kinder v. Little River Drainage District, where the same and other authorities are discussed. The Court of Appeals so defined these corporations, and in so doing was in accord with our rulings. After discussing our cases, that court says:

"It is true that in the Caldwell Case, from which we have just quoted, the precise question involved was whether the property owned by the district was exempt from taxation. However, in that case, as well as in State ex rel. Kinder v. Little River Drainage District, supra, it appears to be regarded as thoroughly settled law in this State that these districts are governmental agencies, exercising, as said in the Caldwell Case, 'exclusively governmental functions.' Being thus classified, drainage districts, though differing in respect to the character of the public function performed, are nevertheless to be regarded as partaking of the same public and governmental character as counties, school districts and road districts. And from this it necessarily follows that a drainage district, being in effect an arm of the State, in no more liable for the negligence of its officers or agents in carrying out the plans adopted for the construction of its public works than would be the State were it directly performing such work itself, unless, indeed, the statute creating the district gives a cause of action

for such negligence. And it is conceded that our statute creates no such cause of action.''

In the foregoing the opinion of the St. Louis Court of Appeals not only fixes the status of the district, but discusses here its liability for negligence. The latter we discuss later.

III. It is urged that the ruling of the Court of Appeals, stated above, in its definition of a drainage district, conflicts with Drainage District v. Turney, 235 Mo. l. c. 97; Barnes v. Construction Co., 257 Mo. l. c. 191; Wilson v. Drainage District, 257 Mo. l. c. 286; State ex rel. v. Taylor, 224 Mo. l. c. 469. The only thing said by Woodson, J., in the last case cited was that the drainage district was as much of a public corporation as the city of Hannibal or St. Louis. It is true that in the other cases there are statements likening drainage districts to, or calling them, municipal corporations. The questions pressed in those cases did not call for a close comparison of strict municipal corporations with drainage districts. But be that as it may, these later cases of Caldwell and Kinder were the ones controlling upon the Court of Appeals, because the latest expressions of this court, and from both divisions thereof. To the cases last mentioned may be added In re Birmingham Drainage District, 274 Mo. l. c. 151 et seq.

IV. The functions exercised by drainage districts being purely governmental in character, the question is whether or not they are liable for negligence of their agents in the prosecution of the reclamation plan, where damages are sought by one whose lands are within the district. These districts have no private or proprietary functions to perform, and in this their powers are not as broad as cities, towns and villages. Their functions are governmental and public. The very foundation stone of their structure is public necessity, or public convenience, or public welfare. [Sec. 4378, R. S. 1919.]

The Court of Appeals ruled that a drainage district was not liable for negligence. The case in hand was one where the claimant's lands were within the district. The vital question in this case is whether or not this ruling

conflicts with the last ruling of this court upon that subject. Relator urges that it conflicts with Bungenstock v. Nishnabotna Drainage District, 163 Mo. 198, l. c. 223. Relator quotes a short excerpt of the opinion where the matter of negligence is mentioned. However, that case is not this case. There the land damaged was outside of the district. There the district had condemned a right-of-way over land not in the district, for its ditch, and had paid the damages assessed against it in favor of the land-owner. After all this, by negligent conduct and by a negligently devised plan, the land of this owner was further damaged. The question was not so much a question of negligence as it was the further appropriation of plaintiff's property to a public use, without compensation. But whatever the theory of that case, it suffices to say that the facts ruled therein are not the facts of this case, and hence there is no conflict. In Greenwell v. Wills and Sons, 239 S. W. l. c. 583, the Springfield Court of Appeals draws a distinction between the case at this bar and cases like the case relied upon by the present relator in 163 Mo. supra, in this language:

"In the Schalk Case the district was organized under the circuit court statute. [Laws 1913, p. 232.] In Bates County v. Wills, 269 Fed. 734, the Circuit Court of Appeals, Eighth Circuit, in dealing with a Missouri drainage statute, held that drainage districts are not such corporations that may sue and be sued in the absence of statutory authority so to do. See same case, 255 U. S. 571, 41 Sup. Ct. 375."

The Bruntmeyer, Schalk, and Bradbury cases, however, when analyzed, do not announce a different rule. Authority to sue in these cases is found in the Constitution. It must be kept in mind that these cases were for damages to land lying outside the district. In the Bruntmeyer and Schalk cases suit and recovery were permitted against the district, although there was no statute authorizing suit against the district. But our Constitution (Art. 2, sec. 21) provides that private property shall not be taken or damaged for public use without just compensation. This provision of the Constitution is self-enforcing independent of any statute. [Little Tarkio

Drainage District v. Richardson, 237 Mo. 49, 139 S. W. 576.] The Bruntmeyer Case was based squarely on the constitutional provision above mentioned. The Schalk Case followed the Bruntmeyer Case. The Bradbury Case was bottomed on a similar constitutional provision. Thus the law in this State is that one whose lands or crops outside the district have been damaged by the prosecution of the improvement may maintain a suit against the district for his damages under the constitutional provision mentioned. On the other hand, if lands in the district or crops thereon are damaged by the proper prosecution of the work, recovery cannot be had against the district because such damages are awarded and adjudged in the organization of the district. If damages result to one in the district because of negligent prosecution of the work, he cannot recover against the district, because in such case there is no statute authorizing suit against the district. Such is the distinction as we see it between suits to recover against the district for damage to property in and outside the district.

The general rule is, that without a statute so declaring, a governmental agency, such as a drainage or road district, is not liable for negligence. It has been so ruled by several cases in our Courts of Appeals. [Arnold v. Worth County Drain. Dist., 234 S. W. 349; Greenwell v. Wills & Sons, 239 S. W. 578; Tant v. Little River Drain. Dist., 238 S. W. 848; Vansickle v. Drainage District, 186 Mo. App. 563.]

The latter case, at page 566, distinguishes the case then in hand by the St. Louis Court of Appeals from the case of Bungenstock v. Drainage District, 163 Mo. 198, the case relied upon in the instant case. It is, however, sufficient for us to say in this a *certiorari* proceeding that as the Court of Appeals was dealing with a different state of facts, involving the application of different legal principles, there is no conflict between its ruling and the Bungenstock Case, or any other ruling of this court.

From this it follows that our writ should be quashed to the end that the judgment and opinion of the Court of Appeals may stand. It is so ordered. All concur, except *David E. Blair, J.,* not sitting.