ADOLPH WILBRECHT v. C. M. BABCOCK AND ANOTHER.[1]

January 17, 1930.

No. 27,648.

G. A. *Youngquist*, Attorney General, *Charles E. Phillips*, Assistant Attorney General, and *Hayner N. Larson*, for appellants.

*Murphy & Johanson* and *Houston & Huber*, for respondent.

[1]Reported in 228 N. W. 916.

TAYLOR, C.

This action was brought against the commissioner of highways and the surety on his official bond to recover damages for casting surface water upon plaintiff's land. Defendants demurred to the complaint. The trial court overruled the demurrer but certified that the questions involved were important and doubtful. Defendants appealed.

It appears from the complaint that the commissioner of highways, who will be intended by the term defendant hereinafter, constructed state highway No. 6 from the city of Breckenridge to the village of Wheaton; that it passes along the line of plaintiff's land; that the land over which it passes is level except for occasional slight ridges and depressions; that surface water resulting from heavy rains or melting snow escaped through these depressions while the land was in its natural condition; that defendant in his capacity as such commissioner caused the roadbed of trunk highway No. 6 to be constructed at a grade of one and one-half feet above the natural surface of the ground; that the embankment so constructed prevented the surface water from following its natural course along the depressions mentioned; and that ditches constructed along the roadway but within the right of way caused such surface water to flow upon plaintiff's land to his damage.

We may concede that the complaint would state a cause of action against defendant if the acts charged had been done by him as an individual; but they were done by him in his official capacity as commissioner of highways, and the complaint so charges.

The highway in question is a part of the trunk highway system established by law and which the state is constructing in its governmental capacity. The defendant as commissioner of highways was charged by law with the duty of locating, constructing and maintaining it. The legislature did not specify the grade nor make any regulations in respect to the details of the work but left all such matters to be determined by the commissioner. The duties imposed upon him require the exercise of a high degree of skill, judgment and discretion, and are performed solely for the benefit of the public. It is well settled that an officer charged with the perform-

ance of such duties is not personally liable for errors of judgment or for acts done within the scope of his authority, unless it appears that the particular acts complained of were not only unnecessary but were done corruptly or maliciously. Stevens v. North States Motor, Inc. 161 Minn. 345, 201 N. W. 435, 40 A. L. R. 36; Roerig v. Houghton, 144 Minn. 231, 175 N. W. 542; Bolland v. Gihlstorf, 134 Minn. 41, 158 N. W. 725; Christensen v. Plummer, 130 Minn. 440, 153 N. W. 862; Stewart v. Case, 53 Minn. 62, 54 N. W. 938, 39 A. S. R. 575; Stewart v. Cooley, 23 Minn. 347, 23 Am. R. 690; County of Mille Lacs v. Kennedy, 129 Minn. 210, 152 N. W. 406; Hipp v. Ferrall, 173 N. C. 167, 91 S. E. 831; Carpenter v. Atlantic & C. A. L. Ry. Co. 184 N. C. 400, 114 S. E. 693; Sweeney v. Young, 82 N. H. 159, 131 A. 155, 42 A. L. R. 757; Schooler v. Arrington, 106 Mo. App. 607, 81 S. W. 468; Hausgen v. Elsberry Drainage Dist. (Mo. App.) 245 S. W. 401; affirmed, State ex rel. Hausgen v. Allen, 298 Mo. 448, 250 S. W. 905; Yealy v. Fink, 43 Pa. 212, 82 Am. D. 556; Wadsworth v. Town of Middletown, 94 Conn. 435, 109 A. 246; Browne v. Town of Bentonville, 94 Ark. 80, 126 S. W. 93; 23 Am. & Eng. Ency. Law (2 ed.) 375; Throop, Public Officers, §§ 713, 715, 736; Mechem, Public Officers, § 613; 46 C. J. 1043. See also Spalding v. Vilas, 161 U. S. 483, 16 S. Ct. 631, 40 L. ed. 780; Utah Const. Co. v. State Highway Comm. (D. C.) 16 F. (2d) 322.

The facts do not bring defendant within the rules which apply where a public officer is performing ministerial duties or commits acts outside the scope of his authority. So far as appears his acts were confined to the proper performance of those duties which the law not only authorized but required him to perform, and therefore he cannot be held personally liable for any incidental or consequential damage resulting to plaintiff.

It follows that the complaint fails to state a cause of action and that the order overruling the demurrer must be reversed.

So ordered.