NEIL W. JOHNSON AND ANOTHER,
INDIVIDUALLY AND AS GUARDIANS AD LITEM
OF STEPHEN J. JOHNSON AND ANOTHER, v.
ROBERT C. CALLISTO AND OTHERS.
N. T. WALDOR, COMMISSIONER OF
HIGHWAYS, RESPONDENT.

176 N. W. (2d) 754.

April 24, 1970—No. 41949.

*Haugland, Carleen, O'Dougherty & Bohanon,* for appellants.

*Douglas M. Head,* Attorney General, and *John R. Murphy,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

MURPHY, JUSTICE.

Appeal from an order of the district court dismissing an action brought against the commissioner of highways of the State of Minnesota on the ground that the action is in fact one against the state and that the state has not waived its immunity to suit for the claim alleged.

The complaint charges that an accident occurred while plaintiff Neil W. Johnson in operating his automobile collided head-on with an automobile driven by defendant Robert C. Callisto, who was passing a third automobile while approaching the crest of a hill. Negligence on the part of the commissioner is predicated upon his alleged failure to provide "no passing" line markings on the hill. It is alleged that this breach of duty arises from Minn. St. 169.06, subd. 2, which provides in part:

"The commissioner shall place and maintain such traffic-control devices, conforming to the manual and specifications, upon all state trunk highways as he shall deem necessary to indicate and to carry out the provisions of this chapter or to regulate, warn, or guide traffic."

Plaintiffs further reason that under the provisions of § 161.03, subd. 2, the state has waived immunity for liability growing out of such a situation. That provision recites:

"Before entering upon the duties of his office the commis-

sioner shall give bond to the state of Minnesota to be approved by the governor and filed with the secretary of state in the sum of $50,000 conditioned for the faithful performance of his duties. If a surety bond is given, the premium thereon may be paid from the trunk highway fund. The state, the several governmental subdivisions thereof, or any person damaged by any wrongful act or omission of the commissioner in the performance of his official duties may maintain an action on the bond for the recovery of damages so sustained."[1]

On motion of the attorney general, the trial court promptly dismissed the action and expressed his views in a helpful memorandum which states:

"* * * Apart from the cases cited by counsel for N. T. Waldor, it is sufficient to say that the Court has also conducted some independent research and has read the material in Mason's Dunnell Minnesota Digest, Section 8831, and the various cases and statutes cited therein, and apart, again, from all of the material previously cited, has read the recent cases dealing with the subject matter, as well as some of the old landmarks in this area, such as the article entitled, 'Governmental Responsibility for Torts in Minnesota,' by Orville C. Peterson, found in Volume 26, Minnesota Law Review, page 293, and so forth. To explain the Court's feelings on the matter, it is only necessary to cite such following examples as found in the article by Mr. Peterson:

" 'The doctrine that the state as the sovereign cannot be sued for its torts is so firmly imbedded in the law that the cases have generally taken it for granted without discussion.'

---

[1] In addition to the several defects inherent in this alleged claim, it should be observed that plaintiffs have failed to comply with the provisions of Minn. St. 574.25, which provides that if an action on a bond provided pursuant to § 161.03, subd. 2, is brought by an individual plaintiff not named in the bond, he is required to obtain leave of the district court "in which the action is triable, or a judge thereof, by the production of a copy of the bond and an affidavit showing the delinquency; and, if the delinquency be such that, if established on the trial, it would entitle the applicant to recover, leave shall be granted."

"Reading further, page 321:

" 'It has been recognized that such state officers as the commissioner of highways are not personally liable for the consequences of their official acts done within the scope of their authority, at least unless they were not only unnecessary but were done corruptly or maliciously.'

\* \* \* \* \*

"\* \* \* Page 322 of the same article contains the following:

" 'For state officials who are required to furnish a bond to insure the faithful performance of their duties, such as the highway commissioner and his immediate subordinates, the right to sue the officer may be a fairly adequate substitute for the right to sue the state itself in the limited cases where the officer is liable for his official acts.'

"As far as the Court is concerned, any duty owed by the Defendant N. T. Waldor, Minnesota Commissioner of Highways, was not only within the scope of his relationship as agent for the State of Minnesota, but was one calling for the exercise of his discretion and judgment that was owing to the public rather than to the plaintiffs."

■ Both parties rely on Nelson v. Babcock, 188 Minn. 584, 248 N. W. 49, 90 A. L. R. 1472, and Wilbrecht v. Babcock, 179 Minn. 263, 228 N. W. 916. In the former case, recovery was allowed under circumstances where Highway Department employees, under the supervision of the district maintenance superintendent, dumped or moved rocks onto plaintiff's land. We held that the commissioner in causing damage to plaintiff's land, which was "not acquired nor intended to be acquired by him for the state, \* \* \* clearly departed from the scope of his authority." 188 Minn. 586, 248 N. W. 51, 90 A. L. R. 1475. The court emphasized that recovery could be had on the bond required by G. S. 1923, § 2553, since plaintiff was, in the words of the statute, a "person damaged by any wrongful act or omission of said commissioner of highways in the performance of his official duties."

It was made clear, however, in Wilbrecht v. Babcock, 179 Minn. 263, 264, 228 N. W. 916, that—

"* * * an officer charged with the performance of such duties is not personally liable for errors of judgment or for acts done within the scope of his authority, unless it appears that the particular acts complained of were not only unnecessary but were done corruptly or maliciously."

We agree with the views expressed by the trial court. Under any view of the law, the complaint fails to allege a valid claim against the commissioner.

■ Plaintiffs argue that this court should reject the doctrine of sovereign immunity in actions against the Highway Department. In disposing of this point, it is only necessary to observe that the vast majority of the courts in this country have considered this question and have held that state highway departments, commissions, authorities, or similar bodies are mere agencies of the state entitled to the sovereign immunity from suit and that therefore an action for negligence will not lie against such an agency except where there has been a waiver of immunity. Annotation, 62 A. L. R. (2d) 1222.

Although the doctrine of sovereign immunity has been widely criticized, this court would not be warranted on the record before us to seriously consider the suggested change. The social exigencies which prompted this court in Spanel v. Mounds View School Dist. No. 621, 264 Minn. 279, 118 N. W. (2d) 795, to abolish sovereign immunity with respect to certain subdivisions of the state government do not exist here. The briefs and record supporting plaintiffs' doubtful claim do not suggest a good reason for this court to abolish or qualify the doctrine as it applies to the state. We agree with the trial court that if there is to be a change, it should come about by legislation which would be based upon findings warranting it and which would provide for procedures and limits of liability, as was done in the enactment of Minn. St. c. 466 subsequent to the Spanel case. Nor have we been provided with any suggestions or representations which would

warrant us to assume that the present manner of hearing and determining claims by the State Claims Commission pursuant to Minn. St. 3.66 to 3.84 is not satisfactorily serving the best interests of the public.

Affirmed.