ELSBERRY DRAINAGE DISTRICT and
Kings Lake Drainage District,
Appellants,

v.

William C. GESKE and Doris M.
Geske, Respondents.

No. 46091.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1983.

David W. Suddarth, Elsberry, Jerry L. Suddarth, O'Fallon, for appellants.

Francis L. Ruppert, Terrance L. Farris, Clayton, for respondents.

CLEMENS, Senior Judge.

Plaintiff drainage districts sued to enjoin defendants Geske from maintaining a dam they had erected. Plaintiffs claimed the dam unduly increased the water level within their district.

On defendant land owners' motion the trial court dismissed the petition. This, on the sole ground "plaintiff is without statutory authority to sue." Defendants justify this because the statutory drainage chapters 242 and 246 of RSMo. do not specifically mention drainage districts' right to sue. This appeal is limited to the cited trial court order of dismissal.

Defendant-respondents' only citation to Missouri law is *Hausgen v. Allen,* 298 Mo. 448, 250 S.W. 905[3] (1923). There the court denied the right of a district resident to recover damages for defendant district's negligent construction *inside* his own district. But the court held an owner of land *outside* the district may recover from the drainage district for negligent damage to his property. This on the constitutional right to be paid for private property taken for public use.[1] Respondent-defendants' cited case is not in point here.

We look to cases cited here by the appealing plaintiff districts.

1. Mo. Const. 1875, Art. II, Sect. 21, now Art. I, Sect. 26, Mo. Const. 1945.

Plaintiff districts cite the case of Drainage District No. 48 of *Dunklin County v. Small,* 318 S.W.2d 497[5] (Mo.1958). There the court ruled drainage districts operate under the state's constitutional police power.

More definite is *Halls Levee District of Buchanan County v. Hauber,* 461 S.W.2d 16[6] (Mo.App.1970). There as here the district sought—and got—injunctive relief against a landowner who had built a dam across an arm of the district's drainage easement.

In affirming injunctive relief the court noted that the district is a political division of the state and ruled:

"It is fundamental that the comprehensive grant of statutory powers to levee districts, drainage districts, road districts, school districts and like governmental agencies of the State, includes by necessary implication, the right to institute and prosecute appropriate actions to effectuate those powers."

We reverse and remand with instructions to the trial court to proceed with trial on plaintiffs' petition.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.