N. E. HAYDON, et al., Appellants, v. JOHN WHITAKER,
Road Supervisor.

**Highways:** IMPROVEMENT: DAMAGE TO ABUTTING PROPERTY. While
a road supervisor is clothed with some authority in determining
the method of improving the highways, still his plans for their
improvement must be within the scope of reasonable discretion.
He can not destroy the ingress or egress to farm property,
or turn the natural drainage of surface water to the injury
of adjoining owners, but must use diligence in draining the same
from the highways in its natural course. In the instant case
the construction of a ditch in front of plaintiff's property un-
reasonably and unnecessarily interfered with his access to his
premises from the highway.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE,
Judge.

THURSDAY, APRIL 4, 1912.

ACTION in equity to enjoin the defendant as road
supervisor from opening and maintaining a ditch along the
highway in front of plaintiffs' premises so as to prevent or
interfere with convenient access to said premises from said
highway and from so interfering with the natural drain-
age of the surface water from plaintiffs' land upon the
highway as to cause such water to run through such ditch
in front of the plaintiffs' premises. The court entered a
decree for defendant, and plaintiffs appeal.—*Reversed.*

*John L. Gillespie,* for appellants.

*Thos. J. Guthrie* and *Dale & Harvison,* for appellee.

McCLAIN, C. J.,—The farm of plaintiffs, embracing

a quarter section of land, fronts on a highway to the south, and about midway between the eastern and western boundaries of the farm and near the highway are located the usual farm buildings surrounded by appropriate yards which slope slightly to the south and from which the surface water naturally passes upon and across such highway. The yard surrounding the house is about five rods in width east and west along the highway. East of this front yard is a garden of about the same width, and east of the garden is the barnyard. West of the front yard is an orchard and grove about twenty rods in width, and west of the orchard and grove is a field. At a point about twenty rods west of the southwest corner of the orchard and grove, there is a ridge or divide which is referred to in the record as the "west divide," and to the west of this divide the surface water from plaintiffs' farm naturally flows to the southwest, crossing the highway through a culvert near the southwest corner of plaintiffs' farm. There is testimony in the record tending to show that defendant's predecessor cut a ditch through this divide with the intention that the water coming from plaintiffs' farm west of the divide should be carried eastward along the north side of the highway to an outlet farther to the east, but that this ditch was filled up by the plaintiffs so that the surface water west of the divide is still allowed to pass to the south. It is not alleged in this action that defendant is proposing to reopen the ditch through the west divide, and we have no occasion to consider any question in regard to the former attempt to bring the water from west of this divide to the east along the highway in front of plaintiffs' residence. The complaint on behalf of plaintiffs is that in front of plaintiffs' front yard defendant has constructed along the north side of the highway a ditch from ten inches to two and one-half feet in depth where there was formerly a gradual slope from the yard to the traveled part of the highway, and is

threatening to extend this ditch to the westward so as to intercept surface water naturally flowing to the south across the highway and carry it eastward along the highway in front of plaintiffs' yard to some outlet further east.

Our statutes are unfortunately less specific as to what the road supervisors are to do in the improvement of the roads within their respective jurisdictions than they are as to how road taxes are to be collected and work on the roads is to be enforced, but they evidently contemplate that the road supervisor is to have some authority in determining how roads are to be improved, and, within the scope of a reasonable discretion, his plans for the improvement of their condition ought not to be interfered with. But the statute does specifically provide that he shall not "destroy the ingress or egress to any property or turn the natural drainage of the surface water to the injury of adjoining owners;" and that he shall "use strict diligence in draining surface the water from the public road in its natural channel." Code, section 1556. We have to determine in this case whether the ditch already constructed in front of plaintiffs' yard unreasonably and unnecessarily obstructs plaintiffs' ingress and egress, and whether the extension of this ditch further to the westward will divert surface water which would otherwise flow to the southward across the highway so as to cause it to flow eastward in front of plaintiffs' residence to their injury.

We are satisfied from the evidence that there was formerly a culvert across the road west of the southwest corner of plaintiffs' front yard intended to carry south across the highway the surface water from plaintiffs' orchard and grove, and from the portion of the field west of it which lies east of the west divide, and that this was the natural course of drainage. Had this culvert been maintained and kept open, we are satisfied that it would have disposed of the water without the necessity of digging a ditch in front of plaintiffs' yard in order to carry it along the north side of

the highway to a culvert which defendant has constructed south of plaintiffs' yard would no doubt have been necessary in order to round up the surface of the road and carry to the eastward toward the culvert just referred to the surface water from the yard and garden, but we reach the conclusion that there was no necessity for any such ditch as has been dug in front of plaintiffs' yard, and that the consequent interference with plaintiffs' access to their premises from the highway has been unreasonable and unnecessary; and that an extension of this ditch further to the westward so as to intercept the surface water naturally crossing the highway at the point where the old culvert was located would be improper.

Something is said in argument in behalf of plaintiffs with reference to an objectionable plan to extend the ditch along the north side of the highway still further to the east through another divide, spoken of as the "east divide," so as to make a continuous ditch to a country bridge located still further east. We find no complaint in the pleadings with reference to such plan and no reference thereto in the court's decree, and we therefore give the matter no consideration. It seems to be conceded that the culvert across the highway in front of plaintiffs' barnyard is properly located and constructed, and that the surface water from plaintiffs' front yard, garden and barnyard may be properly carried through it to the south.

The substantial complaint of the court's decree seems to be that it authorizes the construction and maintenance of a ditch along the north side of the highway in front of plaintiffs' yard, garden and barnyard, of sufficient depth to bring from the westward in front of these portions of plaintiffs' premises the surface water which would otherwise cross the highway to the west of the southeast corner of plaintiffs' front yard, and we think this complaint is well founded. The decree should therefore be so modified

by the lower court as to conform to the views herein expressed.

As the court authorized the construction and maintenance of a ditch unreasonably and unnecessarily interfering with the plaintiffs' access to their premises from the highway, its decree is *reversed*.