## MOTT *et al.* v. HULL.

No. 5496.  Opinion Filed October 5, 1915.

(152 Pac. 92.)

1. **OFFICERS — Performance of Duties — Negligence — Liability.**
Where the duties of an officer are purely ministerial, he may be
liable in damages to anyone who can show that he has suffered a
special injury because of such officer's failure to perform, or
negligent performance of such duty.

2. **HIGHWAYS—Officers—Negligence—Liability.** An officer may be
liable to an individual for negligence in the performance of a
purely ministerial duty, although the state or political subdivision
thereof which elects him may not, under the law, be liable for
his negligence.

3. **APPEAL AND ERROR—Verdict—Evidence.** Where the evidence
reasonably tends to support the verdict of the jury, it will not
be disturbed on appeal. ·

(Syllabus by Brewer, C.)

*Error from County Court, Grant County;*
*J. W. Bird, Judge.*

Action by Peter Hull against Henry Mott and an-
other.  Judgment for plaintiff, and defendants bring
error.  Affirmed.

*Emery H. Breeden,* for plaintiffs in error.

*Sam P. Ridings,* for defendant in error.

Opinion by BREWER, C.   Peter Hull recovered a
judgment for damages of $42.50 against Henry Mott and
Lawrence Knoblauck, and they appeal.

The suit was based on a claim that these men exca-
vated for and put in a culvert across the entire traveled
part of a public highway, and left the work obstructing
the road in such a way as to be dangerous to travelers in
the nighttime, and negligently failed to erect sufficient

barriers and other forms of notice and warning to prevent persons using the road at night from running into and being damaged by the obstructions; and that plaintiff in so using said highway, because of such negligence of defendants, ran his car into the obstruction and wrecked it, causing the damage. The defendants set up that they were trustee and treasurer, respectively, of the township where the work was done, and were charged by law with the power and duty of repairing the highway; that in so doing they were exercising an official and governmental function, and were therefore not liable in damages at the suit of plaintiff. ·

In Shearman & Redfield on the Law of Negligence (6th Ed.), sec. 312, a distinction is made between nonjudicial public officers, whose duties are of a general public nature, and who act for the public at large, and that class of nonjudicial officers who act, not for the public in general, but for such individuals as may employ them for specific fees, and in discussing the liability of the former class, to which these defendants belong, it is said in section 313:

"* * * So far as their duties are absolute, certain, and imperative, and involve the execution of a set task— in other words, are merely ministerial—they are liable in damages to any one who can show that he has suffered a special injury through their neglect in respect to some right which the law assures to him. It is settled law that a public officer who acts maliciously towards another, or who, in abuse of his office and in violation of his duty, omits to act, or acts negligently, or proceeds without or in excess of authority, is answerable in damages to any one who is specifically injured thereby."

To sustain the above text, the author cites the following cases, where negligence was the basis of the action:

*Adsit v. Brady,* 4 Hill (N. Y.) 630, 40 Am. Dec. 305;
*Hutson v. New York,* 9 N. Y. 169, 59 Am. Dec. 526; *Robinson v. Chamberlain,* 34 N. Y. 389, 90 Am. Dec. 713;
*Hover v. Barkhoof,* 44 N. Y. 113; *Fulton Fire Ins. Co.
v. Baldwin,* 37 N. Y. 648; *Conroy v. Gale,* 47 N. Y. 665;
*Johnson v. Belden,* 47 N. Y. 130; *Stack v. Bangs,* 6 Lans.
(N. Y.) 262; *Kennedy v. Ryall,* 67 N. Y. 379; *Morse v.
Sweenie,* 15 Ill. App. 486; *Hayes v. Porter,* 22 Me.
371; *Barry v. Arnould,* 10 Adol. & El. 646; *Kolb v.
O'Brien,* 86 Ill. 210; *Chouteau v. Rowse,* 56 Mo. 65; *Nowell v. Wright,* 3 Allen (Mass.) 166, 80 Am. Dec. 62.

So it seems that the township officers are individually
liable to a person who may suffer special damages because
of the negligent performance by such officers of a purely
ministerial act, not involving the exercise of an official
discretion. The question of the necessity for the culvert and
its location, size, material, and construction would require
the exercise of judgment and discretion; and it may be
said in general that officers of whom the law requires the
exercise of judicial functions, by whatever name they may
be called, enjoy the protection of the judicial privilege
in exercising such functions. No such official acts are
involved here. This case rests solely on the claim that
these defendants, after having properly exercised their
discretionary power as to the construction of the culvert,
undertook, in person and with the help of laborers under
their personal superintendency, to do the work of making
the culvert across the public road, which required an excavation therein, and that, after the excavation had been
made, the road was left, through their negligence and
want of care, obstructed and without sufficient barriers
or other warning to travelers so as to be dangerous to

any one using the highway at night, and that such negligence resulted in the damage in this case.

It is further contended that the defendants cannot be liable, because the township is not answerable for the negligence of its officers. *S. A. James v. Trustees,* 18 Okla. 56, 90 Pac. 100, 13 L. R. A. (N. S.) 1219, 11 Ann. Cas. 938; *Howard v. Rose Twp.,* 37 Okla. 153, 131 Pac. 683. But this does not necessarily follow. In Throop on Public Officers, section 727, the author, in an analysis of the case of *Piercy v. Averill,* 37 Hun (N. Y.) 360, says:

"It [the opinion] then took up the objection that the defendants cannot be made liable, because the charter of the city declares that the city shall not be liable for any injury, caused by a sidewalk being out of repair, or by stepping upon snow or ice thereon. The learned presiding justice said that this position is untenable, since it has been holden that a canal contractor is liable for neglect, although the state is not liable, and that a street commissioner is liable for negligence, where the city charter expressly exempts the city from such liability, and that public officers are not relieved from liability, because the public body, which they represent, is not liable. * * *"

See *Robinson v. Chamberlain,* 34 N. Y. 389, 90 Am. Dec. 713, in which the officers were held liable, although the state would not be.

A further contention is made that the court should have instructed a verdict for defendants. The grounds of the contention are that it is not shown that defendants personally did the work and left the obstructions in the road, and therefore, not being personally negligent, they would not be liable for negligence of men hired to work on the road. However, it is not necessary to go into this point, which is, in effect, a claim that in such a situation the

rule of *respondeat superior* does not apply, and which claim there is authority to support; for in this case there is sufficient evidence and admissions of the defendants that they assisted in and gave personal supervision to the work. It is not claimed in the brief of plaintiffs in error that the evidence fails to show negligence. The claim is made only that it has not been fastened on defendants. On the question of negligence, the evidence is weak, exceedingly weak, and if the writer of this opinion had to decide the point, he would hold that it had not been established. Yet it cannot be said that there is no evidence tending to prove negligence; and, as it cannot be so said, it was a jury question, and the jury, upon instructions not criticized or open to serious criticism, has found negligence. We have no right to set the verdict aside in this situation, and substitute our own views on the weight of the evidence.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.