GRANT PILLINGS, Appellant, v. POTTAWATTAMIE COUNTY et al., Appellees.

**HIGHWAYS:** Egress and Ingress—Damages (?) or Equitable Relief (?) An owner of land adjacent to an established highway may not maintain, against the county or its officers and agents, an action for *damages* consequent on the improvement of the highway by cuts and fills, but may maintain an action for *equitable* relief, if such improvement destroys or materially impairs his means of passing to and from his premises.

**HIGHWAYS:** Condemnation Includes Consequential Damages. Damages paid for land taken for a public highway are conclusively presumed to include such incidental damages to the farm as result from improving the highway.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

FEBRUARY 23, 1920.

ACTION at law to recover damages. The facts on which the claim is founded are stated in the opinion.—*Affirmed and remanded.*

*Charles Roe,* for appellant.

*C. E. Swanson,* County Attorney, for appellees.

WEAVER, C. J.—For many years, a public highway has existed along the section line between Sections 24 and 25, in Township 74, Range 39, in Pottawattamie County.

1. HIGHWAYS: egress and ingress: damages (?) or equitable relief (?)

Plaintiff owns a farm lying on both sides of said road, which separates his dwelling house from his barn and certain other outbuildings. East of the building site, the road is crossed by Graybill Creek from north to south. The surface of the land at and near the buildings is somewhat elevated; but, to the eastward, the road lies upon the flat or bottom land along the creek. Plaintiff had improved his land, with reference to the road as it was originally laid, and as used by the public. His premises, generally speaking, were easily accessible from the road at all points, and he had provided convenient crossings and gates, such as were reasonably adapted to the proper use of his land.

After the enactment of the statute creating a state highway commission, and providing for the selection and improvement of systems of county roads, the road now under consideration was included within the system adopted for Pottawattamie County. The plan for the improvement of the road, where it passes through the plaintiff's farm, involved the making of a cut along the more elevated part of its course, and in front of the farm buildings, and the construction of a grade or fill across the bottom lands adjacent to the creek. The improvement has been made, and this action is brought by plaintiff, to recover damages for injury alleged to have resulted therefrom to the farm. The county and the members of its board of supervisors are impleaded as defendants.

The petition is framed in four counts, as follows:

Count 1 alleges injury to plaintiff's premises, by so widening the road as to encroach upon and appropriate a part of plaintiff's land to public use, without compensation.

Count 2 alleges, first, that the cuts in the road were excavated so near the line as to destroy or weaken the

lateral support of the soil of plaintiff's land; and second, that the fills were so broadened, or so constructed, as to cover and destroy the plaintiff's fences, and take his property for public use, without compensation.

Count 3 alleges that the improvement is so made as to leave a cut 4 to 5 feet in depth, in front of the gate affording access to one of his fields; also, another, of like depth, in front of the only gate and entrance to another of his fields; and that his entrance to still another field has been destroyed, by construction of a grade or fill immediately in front thereof; and that, between his house and a portion of his buildings on one side of the road, and his barn and other buildings, and his well, supplying water to all his buildings, on the other side, a great cut, with perpendicular sides from 6 to 12 feet deep, has been made, thereby absolutely destroying all means of convenient passage between said buildings and improvements.

Count 4 alleges interference with and diversion of the flow of surface water, to the injury of plaintiff's land, and further complains that, by substituting a culvert of insufficient capacity for the bridge over Graybill Creek, the flow of water through the creek is obstructed, causing the lower lands to be flooded.

On all these various counts, damages are claimed, to the amount of $8,000.

The defendants demurred to the petition and to each of the several claims therein stated, on the ground that the county and its officers constitute a governmental agency; that, in improving the road, they were engaged in the performance of a statutory duty; and that, in the absence of any statute imposing liability upon them for the manner in which that duty was performed, an action will not lie against them for resulting injury to the plaintiff's property.

The demurrer was overruled as to the items of claim made for encroachments upon plaintiff's land outside of the

road limits, but sustained as to all other items of alleged injury for which a recovery of damages is sought.

The plaintiff declining to amend his petition, and electing to stand thereon, the court entered judgment, dismissing the several claims to which the demurrer was sustained, and taxed the costs made thereon to plaintiff, who appeals.

It is to be borne in mind at the outset that the damages sought are not those which arise from the original location and establishment of a public road. The petition alleges that this road had been established and in actual public use for more than 40 years before the occurrence of the matters of which complaint is made. It is to be presumed, therefore, that, when so located and established, the public right therein was regularly acquired by condemnation, purchase, or consent, and that the damages resulting from the taking of the land for public use were then paid or waived, or relinquished. The right so acquired by the public was not simply to travel over or upon the natural surface of the land within the limits of the road. It acquired, as well, the right to improve such way; and, in the very nature of things, this included improvement of the grades, so far as is reasonably practicable, by cuts upon the elevations and fills upon the low lands. All these things must be presumed to have been contemplated, and their effect, if any, upon the value of the land over and along which the road was laid, taken into due consideration in assessing the damages for the original taking.

2. HIGHWAYS: condemnation includes consequential damages.

This being true, it seems quite clear that, in the absence of statutory regulation, no right of action for damages will accrue to the adjacent owner from the mere fact that an improvement of the grade of an established highway has rendered the use of his land less convenient than it was before. We have, however, a statute intended to protect the landowner, to some extent, against abuse of the

right of road improvement.   Code Section 1556 provides, among other things, that the officer having in charge work of this character shall not "destroy or injure the ingress or egress to any property, or turn the natural drainage of the surface water to the injury of adjoining owners." This, we have held, is not to be construed as prohibiting all changes which may cause some inconvenience in the use of adjacent property, because such strict rule would often make improvement of the highway practically impossible, even when greatly needed, and the general public would suffer accordingly.

"The law was designed to protect the owner in the use and enjoyment of his property, and to prevent interference on the part of road supervisors; but it was not intended to prevent necessary improvements in the highways, when they can be made without material injury to adjacent property, even though some inconvenience might result to the owners of such property." *Randall v. Christiansen,* 76 Iowa 169.

In the case of *Haydon v. Whitaker,* 156 Iowa 87, it was held that, under this statute, injunction would lie against a road supervisor to restrain him from "unreasonably and unnecessarily interfering" with the landowner's access to his premises; but, thus far, none of our decided cases have involved the question whether an action at law to recover damages is maintainable against the county or the road officers for damages on account of such interference. Whether, even in the absence of a statute of this kind, the adjacent landowner has not a right of access to his premises from the public road, of which he cannot be lawfully deprived without compensation or without his consent, is a question we shall not here attempt to discuss. It is enough, for the present, that the right to be protected in such access has been recognized by the legislature. The

remedy for an infringement of that right will be considered later.

The familiar precedents found in our own decisions for recovery of damages against cities and towns, occasioned by changes of a grade once duly established, have their foundation in statutes providing therefor. Code Section 785; *Talcott Bros. v. City of Des Moines*, 134 Iowa 113.

Whether damages are recoverable for injuries which are merely consequential upon the exercise of the public right to improve a public way, is a subject upon which there is diversity of opinion. Were the question one of first impression in this state, the writer of this opinion would strongly incline to the view that, where the exercise of such public right naturally and necessarily operates to the material permanent injury of the adjacent land, it should be treated as being, to all intents and purposes, a "taking of property for public use," compensation for which is contemplated by the constitutional guaranty. But the question is not an open one in this jurisdiction. It was more or less directly passed upon in *Creal v. City of Keokuk*, 4 G. Greene 47; *Russell v. City of Burlington*, 30 Iowa 262; *Slatten v. Des Moines V. R. Co.*, 29 Iowa 148; and other cases, in which the rule is accepted as settled. It was more fully considered and discussed in *Talcott Bros. v. City of Des Moines*, 134 Iowa 113, and the view expressed in the *Creal* case, again affirmed by a majority of the court, holding, in express terms, that the liability of the state or municipality for injury to land by the improvement of a public way does not extend to or include indirect or purely consequential damages, but is confined, in judicial application, to the case of property actually taken and appropriated. That this rule works hardship in some cases may be easily believed; and, assuming the truth of the matters pleaded in the petition, this case is an illustrative example of that fact. But roads are not provided for the sole bene-

fit of the property over or along which they are laid. They are for the use of the general public, and the law providing for their improvement has in view their general public convenience and usefulness. When first established, under pioneer conditions, they are given comparatively slight attention; but, with the increase of population and traffic, there comes a correspondingly increased demand and necessity for road improvements. The necessity and proprie- ty of the improvements, their kind, character, and extent, and the matter of their execution or construction, are confided to such boards, officers, or agencies as the legislature has provided for that purpose; and, in the absence of any provision for the review of their action upon appeal or otherwise, their finding and decision are final, so long, at least, as they act in good faith, and within the scope of the authority conferred upon them. In the discharge of these duties, they are the arms or agencies of the state, and are clothed with the exemption which the state itself enjoys against claims for the damages, if any, resulting to the individual citizen or property owner. *Snethen v. Harrison County*, 172 Iowa 81. And this rule is held to include claims for damages against the county, its officers and agents, even for injuries occasioned by the negligent manner in which those duties are performed. *Snethen v. Harrison County*, 172 Iowa 81.

The argument most forcibly and plausibly urged upon our attention is that plaintiff has a vested right of passage between his premises and the highway; that this right is property, and, as such, is protected by the constitutional guaranty against subjection to public use without compensation. In support of this proposition, counsel cite and rely largely upon *Dallas County v. Dillard*, 156 Ala. 354 (47 So. 135, 18 L. R. A. [N. S.] 884), as being directly in point. An examination of the case reveals that it was decided under a provision of the Alabama Constitution by which "mu-

nicipal and other corporations and individuals invested with the privilege of taking property for public use, shall make just compensation    *    *    *    for the property taken, *injured* or *destroyed* by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury or destruction." Constitution Alabama (1901) Section 235.

. The Constitution of Iowa provides only that "private property shall not be *taken* for public use without just compensation." Constitution Iowa, Article 1, Section 18. It needs but this statement to demonstrate the inapplicability of the cited precedent to the case at bar. Had we a constitution like that which controlled the action of the Alabama court, we should have no difficulty in coming to a like conclusion. The courts of Ohio and Kentucky are in line with the Alabama case; but, in other jurisdictions where the constitutional guaranty is limited to the "taking" of property for public use, the limitation of liability is for that which is "taken," and does not include damages for injury which is consequential only. Discussing this question, as applied to street improvements which interfere with access to adjacent property, it has been said that:

"An original purchaser of an abutting lot, and all subsequent purchasers, take with the implied understanding, or as tacitly agreeing, that the public shall have the right to thus improve or alter the street so far as may be necessary for its use as a street, and that they can sustain no claim for damages resulting to their lots or property from the impairment or destruction of such incidental rights, as a . mere consequence from the use or improvement of the streets as highways. Ohio and Kentucky alone, of all the courts of this country, have denied such subordination of these incidental rights to the highway rights of the public. The doctrine of the courts of other states and of the United States is that, so long as there is no application of the

street to purposes other than those of a highway, or no diversion of it from street purposes, any changes of grade made lawfully and in the exercise of good faith, or not maliciously, or for the purpose of doing injury to the abutter, is not within the constitutional inhibition against taking property without compensation, nor the basis for an action for damages." *Selden v. City of Jacksonville,* 28 Fla. 558 (14 L. R. A. 370).

See, also, Lewis on Eminent Domain, Section 96. Many other authorities to the same general effect could be cited, but the rule is too firmly established by our own precedents to require or justify the prolonging of this opinion for their consideration.

We are united in the opinion that, without further legislation on the subject, the owner of land adjacent to an improved highway cannot maintain an action against the county or its officers or agents for the recovery of consequent damages for injury resulting to his property by reason of such improvement.

It follows that the ruling upon the demurrer to the petition must be affirmed. We hold, however, that, under the statute before referred to, plaintiff is not without right to equitable relief, if it shall appear that the grading, cutting, or filling of the road has the effect to destroy or materially impair the means of egress and ingress which are essential to the convenient use and enjoyment of his property; and, as the cause must be remanded for further proceedings upon those items of plaintiff's claim the demurrer to which was overruled, the trial court is directed to permit him, if he so elects, to amend his petition by asking for appropriate relief which shall preserve and enforce his statutory right to convenient passage between the highway and his lands bordering thereon, in such manner as will be reasonably sufficient for the purposes of ingress and egress.

It is, therefore, ordered that the ruling of the trial

court upon the demurrer to the petition be affirmed, and the cause remanded for further proceedings in harmony with this opinion.—*Affirmed and remanded.*

LADD, GAYNOR, and STEVENS, JJ., concur.