HINES v. CARROLL et al.

*99 P. 2d 113.*

No. 29164.  Feb. 13, 1940.

Amil H. Japp, of Lawton, for plaintiff in error.

J. P. Speer and J. W. Marshall, both of Duncan, for defendants in error.

GIBSON, J. This is an action against the individual members of a board of county commissioners to recover damages for the death of plaintiff's wife and for personal injuries to himself and for damage to his automobile.

Plaintiff appeals from a judgment of dismissal rendered upon sustaining demurrer to his petition.

Defendants are charged personally with negligence in their failure to provide guard rails or banisters on a certain bridge off of which plaintiff's car skidded, resulting in the death, injuries and damage aforesaid. The petition alleges in substance that the defendants were under legal duty to maintain said bridge in a safe condition for the use and benefit of the public; that the nature of the bridge and the approaches thereto, as specifically described in the petition, made the erection and maintenance of guard rails or barriers on either side thereof necessary to its safe condition; that defendants were aware of the aforesaid circumstances, and had funds on hand sufficient to make the repairs or additions to the bridge, but failed to discharge their duty in this respect, resulting in the accident.

In support of his argument that the petition stated a cause of action, plaintiff relies mainly on Mott v. Hull, 51 Okla. 602, 152 P. 92, and Strong v. Day, 61 Okla. 166, 160 P. 722. In the former case the court stated the rule as applied to public officers in general in the performance of purely ministerial duties, as follows:

"Where the duties of an officer are purely ministerial, he may be liable in damages to anyone who can show that he has suffered a special injury because of such ,officer's failure to perform, or negligent performance of such duty."

In the latter case the rule is applied specifically to county commissioners in their individual capacity in connection with the maintenance of a bridge. The syllabus in that case reads as follows:

"The individuals composing a board of county commissioners are personally liable to any person suffering damage thereby, and who is himself not guilty of contributory negligence, for their negligent failure to repair a county bridge under their care and supervision; there being sufficient public funds available for making such repairs."

The statutes confer upon the board of county commissioners the power to construct and repair bridges (sec. 7660, O. S. 1931, 19 Okla. Stat. Ann. § 339); and the board shall build and maintain all bridges of certain dimensions (sec. 10148, O. S. 1931, 69 Okla. Stat. Ann. § 322); and it shall provide all improved roads with suitable bridges of a permanent and substantial character and shall maintain same in repair (sec. 10204, O. S. 1931, 69 Okla. Stat. Ann. § 498). These are functions of county government, delegated by law to the board of county commissioners. In the performance of those tasks, except, perhaps, maintenance, the members of the board must exercise certain official discretion. In the process of such performance the acts to be done are not purely ministerial; they are not acts to be performed under a given state of facts, in a prescribed manner, and in obedience to statutory mandate without regard to official judgment upon the propriety of the work to be performed. To the contrary, the aforesaid duties are clearly of that nature which demand of the board its discrimination and judgment in the performance thereof. And there lies the distinction, as drawn by the majority of appellate courts, between those acts of a public officer for which he may or may not be answerable in damages to an individual for the negligent performance or nonperformance thereof. If the duty in question in any case was purely ministerial, the officer was liable for negligence; if not purely ministerial, he was not so liable, unless there was statutory liability.

The rule as stated in Mott v. Hull, above, is in accord with the foregoing statement. And likewise in accord is the statement of this court in Lowe v. Storozyszyn, 183 Okla. 471, 83 P. 2d 170. There, after considering numerous authorities on this subject, we said:

"In the absence of a statute imposing liability upon public officials for injuries resulting to individuals by reason of the negligence of such officials in maintaining public highways, the overwhelming weight of authority supports the view that there is such liability only where the duties imposed by law upon such officials are ministerial in character and not judicial or discretionary. Annotations and authorities, 40 A. L. R. 39; 57 A. L. R. 1037."

But the holding of the court in Strong v. Day, above, reveals a departure from the general rule as aforesaid. However, in the Lowe Case, supra, the rule in the Strong Case was only partly recognized, and to some extent was reiterated. According to those cases, county commissioners may be personally liable in damages to an individual for injuries occasioned by their negligent omission to repair a bridge within their jurisdiction. That is to say, according to those decisions, a county commissioner may be personally liable in damages for injuries suffered by an individual resulting from mere nonfeasance in connection with his official duties to maintain bridges in proper repair, though such nonfeasance concerned wholly his discretionary duties in this regard. Maintenance is a ministerial duty; construction a discretionary one. This is clearly shown by the decision in Mott v. Hull, supra.

But we are not here concerned with the question of personal liability for negligence in the actual construction of a bridge. The charge of negligence is based upon alleged nonfeasance in the failure of defendants to construct guard rails alongside a bridge. In other words, it is asserted that the defendants were under the ministerial duty to construct something new, not to replace or repair something theretofore existing. There had never been guard rails on the bridge. The omission occurred before these defendants assumed office. Whether such omission constituted actionable negligence we are not called upon to say. One thing, however, is certain, whether the construction of the rails aforesaid was necessary to the safety of the bridge lay primarily within the discretion of the commissioners. Failure to perform in such case leaves them answerable only to the government they represent. It is not a matter of individual concern. There is no question of maintenance here; it is one of original construction.

For the reasons aforesaid, the petition failed to state a cause of action. The judgment is therefore affirmed.

WELCH, V. C. J., and RILEY, DAVISON, and DANNER, JJ., concur.