LUTES v. THOMPSON et al.

No. 31137. Nov. 9, 1943.

Rehearing Denied Nov. 30, 1943.

*143 P. 2d 135.*

E. F. Ireland, of Liberal, Kan., for plaintiff in error.

Ross Rizley and L. E. Tryon, both of Guymon, for defendants in error.

GIBSON, V.C.J. This is an action by a landowner against a county commissioner and his surety for damages to his land suffered as a result of surface waters allegedly impounded thereon by faulty highway construction.

Plaintiff appeals from a judgment of dismissal rendered by the court after sustaining separate demurrers to the petition.

The petition charges that defendant commissioner in constructing a county highway adjacent to plaintiff's land failed and neglected to provide culverts or underpasses to permit the escape of surface waters, thus causing the same to be impounded upon said land to its injury.

Plaintiff recognizes the rule to the effect that in the absence of corrupt action or malicious intent a public officer in the discharge of his discretionary duties is not liable for damages resulting therefrom. Hines v. Carroll, 186 Okla. 555, 99 P. 2d 113.

It is insisted, however, that the allegations of the petition remove the case from the operation of that rule in that the commissioner was charged with negligence in failing to construct the culverts after promising to do so when his attention was called to the deficiency and the resultant injury to plaintiff's land. That allegation, it is said, charged the commissioner with negligence in failing to perform a purely ministerial duty, and, being a ministerial duty, his failure to perform the same constituted actionable negligence. Mott v. Hull, 51 Okla. 602, 152 P. 92, L.R.A. 1916B, 1184.

Construction and maintenance of county highways fall within the statutory duties of county commissioners. In the performance of those duties, with the exception of maintenance in certain instances, the commissioners must exercise considerable official discretion. Hines v. Carroll, supra.

In the instant case the manner of constructing the highway fell within the discretionary duties of the commissioner. The omission of the culverts could have been nothing other than the result of faulty judgment, and such omission did not constitute actionable negligence. Plaintiff does not contend otherwise, but insists that the commissioner's subsequent failure to put in the culverts after his attention was called to the damage wrought by the absence thereof, and his promise to correct the alleged deficiency, constituted actionable negligence in that the construction of culverts for the protection of adjacent lands fell within his ministerial duties to maintain highways in proper and safe condition.

Here, the highway had already been constructed. No culverts were provided, and as a result surface waters became impounded on plaintiff's land. The commissioner failed to construct the culverts after promising plaintiff to do so, and the water continued to stand on plaintiff's land as a result of the commissioner's failure to keep his promise.

That is plaintiff's case.

Assuming that the construction of the culverts was necessary to the protection of the landowner from surface water damage, the failure of the commissioner to fulfill his promise and install the culverts could have amounted to no more than nonfeasance in any event. Such construction was, from the first, within the discretionary functions of the commissioner, and remained so always even after the highway was completed. The matter was not one of maintenance or repair of the highway, but one of addition to or extension of something that already existed.

It appears to us that the particular matter here involved bears no relation to the use of the highway as such, but

has to do wholly with the question of consequential damages resulting from an active public use (sec. 24, art. 2, Const.).

Adhering, however, to plaintiff's theory that the commissioner's failure to construct the culverts constituted negligence with respect to the performance of his ministerial duties, we can only say again that the matter was not one merely of a ministerial nature, but was one involving discretionary action, an addition to an existing structure or improvement.

The situation from a legal standpoint is somewhat similar to that in Hines v. Carroll, supra. The rule there stated well applies here. It reads as follows:

"The propriety of constructing a new addition to a bridge is a matter lying largely within the discretionary powers of the county commissioners (secs. 7660, O. S. 1931, 19 Okla. Stat. Ann. § 339; 10148, O. S. 1931, 69 Okla. Stat. Ann. § 322; 10204, O. S. 1931, 69 Okla. Stat. Ann. § 498), and their mere nonfeasance in this regard does not constitute actionable negligence and will not support an action against them personally for injuries arising from such nonfeasance."

The defendant commissioner may have failed to fulfill a promise. But his promise was to perform an official discretionary act. The violation of such a promise made to an individual cannot form the basis of an action, either ex contractu or ex delicto, for damages against the officer. 46 C. J. 1046, § 332.

The trial court did not err in sustaining the separate demurrers to the petition. The judgment is therefore affirmed.

CORN, C.J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., dissents.