HJORTH et al. v. WHITTENBURG et al.

No. 7711.   Decided March 11, 1952.   (241 P. 2d 907.)

See 39 C. J. S., Highways, sec. 171. Changing grade of highways as taking within eminent domain provisions. 18 Am. Jur., Eminent Domain, secs. 209-219; 156 A. L. R. 416.

*Clinton D. Vernon,* Atty. Gen., *J. Lambert Gibson,* Deputy Atty. Gen., *J. Richard Bell,* Asst. Atty. Gen., for appellants.

*George S. Ballif* and *Ballif & Eggertsen,* Provo, for respondents.

CROCKETT, Justice.

The question here involved is: Where the Utah State Road Commissioners acted in good faith to improve a highway, are they personally liable for consequential damages to adjacent property? We hold they are not.

In connection with certain improvements and changes in Highway U. S. 89, the grade of the road in front of the plaintiffs' properties just south of Mapleton, Utah County, was raised substantially above the level of the contiguous ground ranging from zero to as much as four feet in one area. Where any of the property of adjoining landowners was actually taken in the widening and improvement program, condemnation proceedings were brought. None of the property of any of these plaintiffs is in fact included or used in widening the highway or raising the grade. Accordingly, they were not made defendants in the condemnation proceedings. Their claim for recovery is based upon consequential damages alleged to result from the raising of the highway and thus detracting from the accessibility of their property.

Plaintiffs maintain that unless they are permitted recovery against the Road Commissioners personally, they are effectively foreclosed from any redress because, not being made parties to the condemnation proceedings they could not obtain recompense therein, and they cannot sue the State because of its sovereign immunity.

Plaintiffs first secured a temporary order restraining the defendants from proceeding with the road project and sought to have it made permanent at least until such time as their damages were assessed. Prior to the trial, the court allowed the plaintiffs to amend their pleadings to include a count for damages. When the matter was heard, the evidence indicated that the work on the highway had been practically completed, except for certain clean-up work, by the time the injunction issued. The court awarded judgment against the Road Commissioners personally for loss of value to the plaintiffs' property.

An incidental question is raised by appellants' claim that the trial court erred in allowing the plaintiffs to amend their complaint to include damages, since plaintiffs' original complaint was in equity for an injunction, and that such amendment was a change in the theory of the cause of action which is not permissible. This contention is not sound; the amendment did not import into the case a new and different cause of action; and was therefore permissible. *Hartford Accident & Indemnity Co.* v. *Clegg*, 103 Utah 414, 135 P. 2d 919; Utah Rules of Civil Procedure. Rule 8(e) (2) provides:

"A party may set forth two or more statements of a claim or defense alternately * * * also * * * as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. * * *"

and Rule 15 provides in part:

"(a) * * * A party may amend his pleading * * * and leave shall be freely given when justice so requires. * * *"

The trial court correctly allowed the amendment. Failure to have done so in order that the parties could fully litigate the controversy between them including the matter of damages would have been error.

We pass to the main question: Are the members of the State Road Commission, individually liable for damages

arising out of the performance in good faith of duties imposed upon them and authorized by law? As above indicated, there is in this case no imputation of malice, bad faith or negligence on their part.

This court has held that the individual members of the Road Commission may be enjoined from proceeding to take or damage private property without first providing for just compensation to the owners. *State, by State Road Comm.* v. *District Court, Fourth Judicial District,* 94 Utah 384, 78 P. 2d 502. To the effect that an arm of the State may be enjoined, see also *Shaw* v. *Salt Lake County,* 119 Utah 50, 224 P. 2d 1037. The question whether the Commissioners may be *enjoined* from proceeding with their duties where consequential damage will result to abutting property owners is not present here, for the reason that in this case the work causing the consequential injury is, and was at the time of trial, an accomplished fact, rather than merely being threatened.

The trial court relied to a considerable extent upon the case *State, by State Road Comm.* v. *District Court, Fourth Judicial District,* supra, which involved an injunction against individual members of the Road Commission, and some of the language therein which seems to indicate that the commissioners may be sued individually for damages. We think, however, that this dicta is not the true rule, for reasons which will hereinafter appear. In fact, the dissenting opinion of Mr. Chief Justice Wolfe therein foreshadows and suggests the holding in this case.

In the case of *Gresty* v. *Darby,* 146 Kan. 63, 68 P. 2d 649, 651, the Kansas Supreme Court said

"It is the general rule of law that state or municipal officials, performing the duties imposed upon them by statutes * * * and exercising in good faith the judgment and discretion necessary therefor, are not liable personally in damages for injuries to private individuals resulting as a consequence of their official acts. * * *"

This rule is approved in the case of *Wilbrecht* v. *Babcock*, 179 Minn. 263, 228 N. W. 916; and *Lutes* v. *Thompson*, 193 Okl. 331, 143 P. 2d 135; and is announced in the following language in an annotation in 90 A. L. R. 1482:

"Highway officers performing ministerial acts are liable for damages to, or trespass upon, the property of an abutting owner where they act negligently * * *

"They are not, however, personally liable for acts done honestly in the exercise of discretion which the law gives them in constructing or maintaining a highway, although their acts result in a trespass or damage to an abutting owner."

Among the cases cited therein upholding this rule are the following: *Nelson* v. *Babcock*, 188 Minn. 584, 248 N. W. 49, 90 A. L. R. 1472; *Pillings* v. *Pottawattamie County*, 188 Iowa 567, 176 N. W. 314; *Hovey* v. *Mayo*, 43 Me. 322; and *Callender* v. *Marsh*, 1 Pick., Mass., 418.

We are in accord with these authorities. It must necessarily be as they hold, otherwise public officials would be fearful to act at the risk of finding themselves personally liable for acts done in good faith in the performance of their duties. The situation differs materially from one wherein a public official is sought to be *restrained* from doing an act which will cause injury. There the purpose is to prevent injury and call the possibility of such to the attention of the appropriate public officials and secure a determination as to whether the damage will be irreparable or compensation may be had for it. In such a case, upon proper proceedings, an appropriate determination can be made, and if the injury is compensable, then the public agency responsible may respond in damages.

In the case of a "taking of the property," as distinguished from purely consequential injury to property, the Road Commissioners are bound to know that an injury will occur. But in situations where consequential injury may result to abutting property, this is not necessarily true. The present case exemplifies this. Many of the uses to

which the property here involved could be put are not adversely affected, and in fact in some respects the properties have been benefited. If all the property to which any consequential harmful effects had to be considered, and the owners joined as condemneees by the Road Commission, it would be difficult if not impossible for the Commission to know whom they could safely omit from condemnation proceedings. The only safe way in which the Commissioners could operate would be to join ever property owner abutting on or near the highway project in order to avoid suits which would result in personal liability to them. The impracticability of imposing such an obligation upon the public body in the construction and maintenance of our public highways is obvious.

We hold that where consequential injury to property arises out of the faithful and honest performance of duties imposed by law upon members of the Road ■ Commission, such officials are not required to respond personally.

The argument of plaintiffs' counsel against the injustice to his clients of sovereign immunity is eloquent and persuasive. The remedy is not to be found in imposing an unreasonable and arbitrary burden upon these public officials. This phase of our law is well established and of long standing. If it is to be changed, that must come through the sovereign power of this commonwealth, the people, speaking through the legislature.

Our holding herein does not leave the plaintiffs without a remedy. Title 26 U. C. A. 1943, sets forth ■ the duties of the Board of Examiners. Section 26-0-11 thereof, provides:

"Any person having a claim against the state, the settlement of which is not otherwise provided for by law, must present the same to the board of examiners, * * *."

and it is further provided in Section 26-0-13:

"The board must at the time designated proceed to examine and adjust all such claims, and may hear evidence in support of or against them, and shall report to the legislature such facts and recommendations concerning them as it may think proper. * * *"

See *Campbell Bldg. Co.* v. *State Road Comm.*, 95 Utah 242, 70 P. 2d 857; *Wilkinson* v. *State*, 42 Utah 483, 134 P. 626.

Defendants also contend that if this court determines that they have been wrongly sued, they are entitled to damages in the sum of $600 as the reasonable cost of doing the clean-up work which was stopped because of this suit instituted by the plaintiffs. There is nothing in the record to show that these parties defendant will be required to pay the cost of the clean-up work personally, nor that it would not have had to be done anyway, and therefore they are not entitled to be compensated for this work.

The judgment is reversed. Costs to appellants.

WADE, McDONOUGH and HENRIOD, JJ., concur.

WOLFE, Chief Justice (concurring).

I concur. In my opinion this case overrules *State, by State Road Comm.* v. *District Court, Fourth Judicial District*, 94 Utah 384, 78 P. 2d 502, at least in its spirit and reasoning. Whilst that case did not involve a prayer for money damages for alleged consequential injury but was an action to restrain the State Road Commission, the case proceeded on the theory that the Road Commission could not be restrained by the commissioners personally could be restrained if they threatened to damage a property owner consequentially and not by a direct taking, unless they *first* paid for the consequential damages which they would cause.

In a long and carefully considered dissent, I registered opposition to this view because it was my theory that neither

the Road Commission nor the individual commissioners could be restrained from inflicting consequential damages, but only from a direct taking without condemnation and this on the theory that they would then be trespassing and acting as individuals and without legislative authority. In that opnion, the matter of compensation by the legislature on approval of a claim to the Board of Examiners as substantive due process in all its ramifications was also discussed at length. After the expenditure of the labor which I put on that opinion, I see no need to do anything else but to refer the reader to it for my views. My opinion is a complete answer to the position of the respondents in this case.