County Roads — Construction — Maintenance County commissioners have wide discretion in opening or designating county highways and same discretion in thereafter constructing or maintaining same. Commissioners may construct or maintain roads and streets of a development tract, but only after same have been opened or designated as county highways and determination that they "best serve the most people of the county." The Attorney General has had under consideration your request for an opinion regarding the duties and/or discretion of county commissioners in constructing and maintaining certain roads and streets. You state the fact situation and ask questions as follows: "Certain persons have purchased tracts of land in Grady County outside the limits of any incorporated city or town. These tracts have been subdivided for the purpose of constructing homes. It has been the practice of the developers of such projects to dedicate the streets therein to the public and in effect grant easements to Grady County over these streets. "The questions are: "1. Since these streets have been dedicated to the public and are in effect county property, can they be maintained by the County Commissioners using county equipment and funds, if the County Commissioners elect to maintain these roads? "2. Can the County Commissioners use county equipment and funds to construct such roads or hard surface such roads? "3. If the County Commissioners do not wish to maintain or construct such roads, can they be required to do so by the property owning tax payers in such developments?" In answer to your questions we direct your attention to 69 O.S. 601 [69-601] (1968), which reads in pertinent part as follows: "The County Highway System shall be composed of all public roads within any county, less any part of any road or roads which may be taken over as a State highway by the State Highway Commission. It shall be the duty of the Board of County Commissioners in each county to construct and maintain as county highways those roads which best serve the most people of the county. For this purpose the Board of County Commissioners is authorized to use any funds which are in the County Highway Fund, subject to statutory restrictions on the use of such funds, together with any money derived from any agreement entered into between the Commission and the Federal Government, any county or any citizens or group of citizens who have made donations for that purpose. The Boards of County Commissioners of the various counties shall have exclusive jurisdiction over the designation, construction and maintenance and repair of all of the county highways and bridges therein." (Emphasis added) Also under 19 O.S. 339 [19-339] (1961), the County Commissioners are given general authority to ". . . construct and repair bridges and to open, lay out and vacate highways. . . ." Under the above quoted authority we think it is abundantly clear that the authority of county commissioners to maintain or construct roads or streets depends on their prior designation of the roads or streets concerned as part of the County Highway System or otherwise opening of the road or street as a county highway. This designation, of course, depends upon their determination that the roads or streets concerned "best serve the most people in the county." In any event, it is the designation by the county commissioners which makes the roads or streets county highways rather than their dedication to the public by a tract developer or other owner. The foregoing considered then it is the opinion of the Attorney General in answer to your first two questions that the county commissioners may construct and/or maintain the roads or streets concerned but only after the roads or streets concerned have been opened or otherwise designated a part of the County Highway System by the commissioners. As to your third question, it is to be noted that Section 601, supra, vests "exclusive jurisdiction" over the designation of county highways in the commissioners. This legislative mandate and the weight of such case authority as we have found lead to the conclusion that the commissioners have considerable discretion in such matters. In Town of Chouteau v. Blankenship, 194 Okl. 401, 152 P.2d 379
(1944), for example, the Oklahoma Supreme Court said: "The questions of the advisability of opening a street that has been dedicated to the public and of when it shall be opened rest largely in the discretion of the municipal authorities, and the courts will not interfere with such discretion except possibly in rare cases. Authorities cited." And in Lutes v. Thompson, 193 Okl. 331, 143 P.2d 135
(1943), the same court said: "Construction and maintenance of county highways fall within the statutory duties of county commissioners. In the performance of those duties, with the exception of maintenance in certain instances, the commissioners must exercise considerable official discretion." From the foregoing we conclude (I) that it is within the bounds of their discretion for commissioners to open or designate the roads or streets concerned as county highways, and (2) that even if the roads or streets are so opened or designated, it is still within the bounds of discretion as to whether the commissioners shall construct or maintain them. It is then the opinion of the Attorney General in answer to your third question that the commissioners may not be required to construct or maintain the roads or streets concerned unless and until a clear abuse of their discretion is shown. The conclusions we have reached in answering your questions in this opinion are in accord with conclusions in an opinion on somewhat similar questions to Honorable Scott Burson, State Examiner and Inspector, dated June 18, 1956. A copy of that opinion is enclosed for your information. (Hugh Collum)