LIABILITY — CAPITOL — MEDICAL CENTER IMPROVEMENT AND ZONING COMMISSION The Oklahoma Administrative Procedures Act does not apply to the Capitol-Medical Center Improvement and Zoning Commission. In the performance of nondiscretionary acts, the members of the commission are liable for negligence or failure to perform these acts. If the acts are discretionary, the members of the commission are not subject to personal liability for these acts. This is to acknowledge receipt of your letter wherein you asked two questions: "1. Does the Oklahoma Administrative Act apply to the Capitol-Medical Center Improvement and Zoning Commission or is 73 O.S. 83.4 [73-83.4] — 74 O.S. 83.9 [74-83.9] (1971) intended to substitute in the matter of procedures? "2. May the members or staff of the Capitol-Medical Center Improvement and Zoning Commission be held legally and/or financially liable for decisions made in the exercise of their official duties as members of the Capitol-Medical Center Improvement and Zoning Commission?" With reference to your first question, 73 O.S. 83.1 [73-83.1] — 73 O.S. 83.11 [73-83.11] (1971) creates a commission to control the "zoning and regulation of the utilization" of all the property in the Capitol-Medical Center Improvement and Zoning District. This includes the location and design of any improvement in the District. The commission was also given authority to adopt a comprehensive plan for zoning within the District. Title 75 O.S. 301 [75-301] — 75 O.S. 327 [75-327] (1971), commonly known as the Administrative Procedures Act, states in 75 O.S. 324 [75-324] in part: "This Act shall not apply to . . . specialized agencies, authorities, and entities created by the Legislature, performing essentially local functions, such as, but not limited to, Urban Renewal Authorities, Port Authorities, City and City-County Planning Commissions, conservancy and other Districts. . ." The purpose of this commission is limited in nature, to wit: the control over land utilization in a relatively small area. Thus, the commission performs essentially a local function, and is not subject to the Administrative Procedures Act. With reference to your second question, you are asking in effect, what individual or personal liability the members or staff of the commission would have for decisions or actions taken in the exercise of their official duties. There have been several Oklahoma decisions on the question of liability of public officers. In Price v. Cook, 250 P. 519 (Okl. 1926), the Oklahoma Supreme Court held that a county attorney, by reason of the character of duties imposed upon them by law, is a quasi judicial officer and is immune from civil liability and damages for the discharge of his official duties even where error of judgment occurs. In Dickey v. Cordell,55 P.2d 126 (Okl. 1936), the Oklahoma Supreme Court held in syllabus one: "In the absence of malice, oppression in office or wilful misconduct, public officers cannot ordinarily be held liable for mistaken exercise of discretion, or error in judgment, in the performance of official duties." In the case of Hines v. Carroll, 99 P.2d 113
(Okl. 1940) the court held that the propriety of constructing a new addition to a bridge is a matter lying largely within the discretionary powers of the county commissioners and their mere nonfeasance in this regard does not constitute actionable negligence and will not support an action against them personally for injuries arising from such nonfeasance. In Lutes v. Thompson,143 P.2d 135 (Okl. 1943), the court held in its syllabus: "The promise to a landowner made by a county commissioner to remedy the faulty construction of a highway will not support an action by the landowner against the commissioner to recover — damages injurious to the land allegedly suffered as a result of such faulty construction." The court stated on page 136 of this opinion that in the absence of corrupt action or malicious intent, a public officer in the discharge of his discretionary duties is not liable for damages resulting therefrom, citing the Hines v. Carroll case, supra. In the case of Mills v. Smith, 355 P.2d 1064 (Okl. 1960), the court held in its syllabus: "When a tax assessor is evaluating real estate for ad valorem tax assessments, he is exercising a judicial or quasi-judicial function involving discretion and judgment; and, as long as he does not exceed his lawful authority, he is immune from private suit for damages suffered as a result of his evaluating such property at more than the amount of its alleged correct value for such assessment. " The court went on further to say on page 1066: "In Lutes v. Thompson and Dickey v. Carroll, supra, this court, by implication at least, recognized that a 'public officer' may be liable in damages for the performance or non-performance of discretionary duties when actuated by corrupt or malicious motives or intent, but it was never contended that either of these officers involved in those cases were quasi judicial officers, and we have had no previous occasion to recognize the distinction between such officers and others. We think reason, justice, and public policy demand that when a public officer is engaged in a quasi-judicial duty involving discretion, he would be immune from liability for his acts, they are within his jurisdiction, or lawful authority, regardless of his motive." (Emphasis added) The above cases involve officers performing judicial or quasi judicial acts. Concerning ministerial duties, in the case of Mott v. Hull, 152 P. 92 (Okl. 1915), the court held in syllabus one: "Where the duties of an officer are purely ministerial, he may be liable in damages to anyone who can show he had suffered a special injury because of such officer's failure to perform, or negligent performance of such duty." The court held in syllabus two: "An officer may be liable to an individual for negligence in the performance of a purely ministerial duty, although the state or political subdivision thereof which elects him may not, under the law, be liable for his negligence." In Richards v. Tynes, 300 P. 297 (Okl. 1931), the court held in syllabus five: "Where law imposes upon a public officer the performance of ministerial duties in which a private individual has a special and direct interest, such officer will be liable to the individual for any injury which he may proximately sustain in consequence of the failure or negligence of such officer, either to perform the duty at all, or to perform it properly." On the above cases, the distinction can be made between ministerial acts and judicial or quasi judicial acts. A "ministerial act" is defined in Black's Law Dictionary as follows: "One which a person performs in a given state of facts in a prescribed manner in obedience to the mandate of legal authority, without regard to or the exercise of its own judgment upon the propriety of the act being done." A "ministerial duty" is described in Black's as follows: "One regarding which nothing is left to discretion — a simple and definite duty, imposed by law, and arising under conditions admitted or proved to exist. (Citing Mott v. Hall, supra)" From the above cases, if the act or decision is a ministerial one, that is, one without any discretion involved, the person is subject to personal liability for negligence or failure to perform this act. If the act or decision is judicial or quasi judicial, that is, one involving discretion, the person is not subject to liability even though, according to the latest Oklahoma case, the decision was based upon undesirable motives. It is, therefore, the opinion of the Attorney General that your first question be answered in the negative in that the Oklahoma Administrative Procedures Act does not apply to the Capitol-Medical Center Improvement and Zoning Commission. It is further the opinion of the Attorney General that your second question be answered as follows: In the performance of nondiscretionary acts, the members of the commission are liable for negligence or failure to perform these acts. If the acts are discretionary, the members of the commission are not subject to personal liability for these acts. (Todd Markum)