Dear State Senator Brown,
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Is a board of county commissioners authorized to clear blockages from creeks/waterways located on private property for the purpose of public safety/flood mitigation?
 2. If commissioners are so authorized, must the board obtain a waiver or easement from the landowners in order to enter onto their property to clear the blockages?
Your first question concerns whether county commissioners have the authority to clear blockages from creeks/waterways for the purposes of public safety/flood mitigation when the creeks/waterways are located on private property. A board of county commissioners derives its authority solely from the statutes. Tulsa Exposition Fair Corp. v. Bd. of CountyComm'rs, 468 P.2d 501, 507-08 (Okla. 1970). Generally, its authority is limited to those powers expressly granted by statute or such as are necessarily implied from express powers. Allen v. Bd. of Comm'rs,116 P. 175, 175 (Okla. 1911). "[U]nder proper circumstances, a county may be authorized to exercise powers not expressly granted by statute, where the power is necessarily or fairly implied or incidental to the powers expressly granted." A.G. Opin. 04-22, at 140-41. *Page 2 
The general powers of a board of county commissioners that are relevant here are set out in 19 O.S. Supp. 2008, § 339[19-339], and include the power: 1. "To construct and repair bridges and to open, lay out and vacate highways" (id. § 339(A)(3)); 2. "To utilize county-owned equipment, labor and supplies at their disposal on property owned by the county" or certain other public entities (id. § 339 (A)(16)); and 3. "To do and perform other duties and acts that the board of county commissioners may be required by law to do and perform[.]" Id. § 339(A)(12).
Regarding the power set out in Section 339(A)(12), "[t]o do and perform other duties and acts that the board of county commissioners may be required by law to do and perform[,]" several statutes do authorize county commissioners to take action regarding flood mitigation. See 82 O.S. 2001, § 521[82-521] (county commissioners are authorized to cooperate with the Oklahoma Conservation Commission "to devise methods and means to stop and/or prevent soil erosion"); 82 O.S.Supp. 2008, § 1604[82-1604](A) ("the Oklahoma Water Resources Board, boards of county commissioners and municipal governing bodies are authorized to establish floodplain boards for their respective area of jurisdiction which may adopt, administer and enforce floodplain management rules and regulations").[1] However, these statutes do not authorize county commissioners to clear blockages from creeks/waterways, and we find no specific statute either authorizing or requiring county commissioners to clear blockages from creeks/waterways located on private property for the purpose of public safety/flood mitigation. Thus, if a board of county commissioners has the power to clear such blockages, it must be necessarily implied from powers expressly granted by statute.
In addition to the power expressly given in Section 339(A)(3) to construct and repair bridges and highways, 69 O.S. 2001, § 601[69-601](A) grants county commissioners "exclusive jurisdiction" over the construction and maintenance of all county highways and bridges. The duty imposed upon a board of *Page 3 
county commissioners under 69 O.S. 2001, § 601[69-601] to maintain county roads[2] is mandatory.[3] A.G. Opin. 82-65, at 158. However, the means and method to be employed in such maintenance is discretionary.Id.
This issue was addressed in Luker v. Board of County Commissioners,84 P.3d 773 (Okla.Civ.App. 2002). In Luker, appellants claimed that flooding occurred on property they farmed "because [the] County failed to repair a breach in a dike located on the County's right-of-way" and "failed to repair and clear the drainage system . . . including culverts and ditches on [the] County's roadways." Id. at 775. Appellants requested the county commissioners to "repair a dike and restore the original drainage system" around this property. Id. The court said:
 Under the provisions of 69 O.S. 1971 § 601[69-601], the Boards of County Commissioners of various counties have "exclusive jurisdiction" over the designation, construction, maintenance and repair of all of the county highways and bridges. When the Legislature vested the Boards of County Commissioners with "exclusive jurisdiction" over the designation, construction and maintenance of county highways, the Legislature mandated that the Board of County Commissioners must exercise considerable official discretion in the exercise of their jurisdictional powers. This Court will not interfere with the exercise of such discretion except in rare cases.
Id. at 777 (quoting Oldfield v. Donelson, 565 P.2d 37, 40-41 (Okla. 1977)). Luker found that the "County presented sufficient evidence that its maintenance and repairs of the roadways and drainage system . . . were reasonable and for the benefit of most of the landowners." Id. The court also found that "sufficient evidence and the law support the trial court's determinations that County cannot be held responsible for the flooding and cannot be compelled to maintain the original diversion system." Id.; see also Lutes v. Thompson, 143 P.2d 135, 136 (Okla. 1943) (County commissioner's failure to construct culverts in an existing highway was not negligence but involved the propriety of *Page 4 
constructing a new addition to an existing structure which was a matter lying largely within the commissioner's discretion).
We believe that the express power to maintain county highways and bridges given to county commissioners in 19 O.S.Supp. 2008, § 339[19-339](A)(3) and 69 O.S. 2001, § 601[69-601], implies the authority to clear blockages from creeks/waterways located on private property when the maintenance of county highways and bridges requires the clearance of such blockages. The determination of whether the maintenance of county highways and bridges requires the clearance of these blockages is a matter within the discretion of county commissioners, and is a question of fact which cannot be addressed in an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
Title 19 O.S.Supp. 2008, § 339[19-339](A)(16) expressly gives county commissioners authority to use county-owned equipment, labor and supplies at their disposal on property owned by the county or certain other public entities. Such use, however, must strictly comply with the statute. See,e.g., A.G. Opin. 09-14, ¶ 9, available at
http://www.oscn.net/applications/oscn/DeliverDocument.asp?CiteID=455103 ("Where a county cemetery association has been created and is functioning . . . county commissioners . . . ha[ve] no authority to use county-owned [resources] (other than money appropriated by the county excise board for such purposes . . .) to open and close graves or maintain rural cemeteries"); A.G. Opin. 08-9, at 44-45 ("For a county to lawfully expend county funds on railway crossings within a municipality whose population exceeds 15,000, the municipal streets containing the railway crossings must be part of the county highway system or a continuation or a connecting link of that system."); A.G. Opin. 69-183, at 126 ("It is not a lawful expenditure of county funds for the Board of County Commissioners to employ county personnel and use county equipment to assist a non-profit water authority by gratuitously building a retention pond which will actually consist of moving approximately 23,000 cubic yards of dirt and forming a pond retention dam."). Therefore, county-owned equipment, labor and supplies may be used on private property to clear blockages from creeks/waterways only when such use is necessary to construct and/or maintain county highways and bridges.
Your second question concerns whether county commissioners need a waiver or easement from the landowners to enter onto their property in order to clear the blockages from creeks/waterways. Statutes authorizing county commissioners to enter onto private property require written permission to enter. See 69 O.S. 2001, § 601.5[69-601.5] (county commissioners may "enter onto private property adjoining county roads in order to perform maintenance or improvements to an existing private road" for a school bus turnaround when the owner of the private road agrees in writing to the necessary maintenance or improvements); id. § 643.1 (county commissioners may enter onto private property adjoining county roads to perform work on such private property when the available right-of-way does not provide enough space and the owners sign an agreement permitting such work). Therefore, county commissioners should obtain written permission from landowners before entering onto their property to clear blockages from creeks/waterways. *Page 5 
 It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Generally, county commissioners have no authority to go onto private property to clear blockages from creeks/waterways for the purposes of public safety/flood mitigation.[4] Pursuant to 19 O.S.Supp. 2008, § 339[19-339](A)(3) and 69 O.S. 2001, § 601[69-601], however, county commissioners are authorized to clear blockages from creeks/waterways located on private property when the maintenance of county highways and bridges requires the clearance of these blockages. The determination of whether the maintenance of county highways and bridges requires the clearance of these blockages is a matter within the discretion of county commissioners, and is a question of fact which cannot be addressed in an Attorney General's Opinion. 74 O.S. 2001, § 18b[ 74-18b](A)(5).
 2. A board of county commissioners is required to obtain written permission from landowners prior to entering onto their property to clear blockages from creeks/waterways. See 69 O.S. 2001, §§ 601.5[69-601.5](3), 643.1(2).
W.A. DREW EDMONDSON Attorney General of Oklahoma
BRINDA K. WHITE Assistant Attorney General
L-29 30
[1] Title 19 O.S. 2001, § 339.4[19-339.4](A) provides that "[c]ounty commissioners may use county funds and resources for environmental remediation of land . . . if the Department of Environmental Quality certifies, in writing, that the property is polluted or contaminated." No contention has been expressed here that contamination or pollution exists to such a degree that the Department of Environmental Quality has certified that remediation is necessary.
[2] "The legality of a county maintaining such a road turns on whether it is a public road which by operation of law has become part of the county highway system, which is a fact question." A.G. Opin. 82-236, at 370.
[3] We note that "the duty of the County Commissioners to maintain and repair county roads is mandatory to the extent that funds are available for such purpose, and unappropriated for other purposes." A.G. Opin. 76-151, at 78.
[4] We do not address the issue of what actions county commissioners may take in an emergency or disaster. See, e.g., 63 O.S.Supp. 2008, § 683.11[63-683.11](A). *Page 1