COUNTY COMMISSIONERS — MAINTENANCE OF SECTION LINE ROADS 1. Title 69 O.S. 601 [69-601] (1971), makes it the mandatory duty of the Board of County Commissioners to maintain those county roads which best serve the most people of the county, and, although the statute makes it an imperative duty to maintain such roads, the Board of County Commissioners may exercise its discretion as to the means and methods to be employed in such maintenance, and also in determination of which roads within the county best serve the most people. 2. The duty to maintain county roads imposed upon the Board of County Commissioners by 69 O.S. 601 [69-601] (1971), is limited to the extent that the necessary funds are available and unappropriated for other purposes. 3. County Commissioners may not be personally liable in damages for injuries resulting from misfeasance or non-feasance in connection with their official duties to maintain county roads, unless the particular duty in issue is determined, as a matter of law, to be purely ministerial in character, and not judicial or discretionary; the evidence establishes that the County Commissioners, as members of the Board, had knowledge of the defective condition in issue, or could reasonably have determined such defective condition; and it is shown that the county had available unappropriated funds with which the subject maintenance or repairs could be made. The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. Once a county section line road has been opened, do county commissioners have any discretion as to the maintenance and repair of the road or is such maintenance and repair a mandatory duty? "2. Is the responsibility to repair and maintain as determined in answering my first question, negated by the lack of availability of funds for this purpose? "3. In the event that the above is true, could the courts decide that a county commissioner could be liable for damages or personal injury if such occurred as a result of the county commissioner's failure to maintain or repair county section line roads that had been opened and maintained?" Title 69 O.S. 601 [69-601] (1971), sets out the authority and duties of the County Commissioners in regards to the county road system, and states as follows: "The County Highway System shall be composed of all public roads within any county, less any part of any road or roads which may be taken over as a State highway by the Commission. It shall be the duty of the Board of County Commissioners in each county to construct and maintain as county highways those roads which best serve the most people of the county. For this purpose the Board of County Commissioners is authorized to use any funds which are in the County Highway Fund, subject to statutory restrictions on the use of any of such funds, together with any money derived from any agreement entered into between the Commission and the Federal Government, any county or any citizen or group of citizens who have made donations for that purpose. The Boards of County Commissioners of the various counties shall have exclusive jurisdiction over the designation, construction and maintenance and repair of all of the county highways and bridges therein." (Emphasis added.) Title 69 O.S. 1201 [69-1201] (1975), declares all section lines in the state which are opened and maintained by the Board of County Commissioners or the Department of Public Highways for public use to be public highways. As provided by 69 O.S. 601 [69-601] (1971), unless a section line road is taken over as a state highway, it is a part of the county highway system. Title 69 O.S. 601 [69-601] (1971), imposes upon the County Commissioners the duty to maintain as county highways those roads which best serve the most people of the county. The duty imposed upon the County Commissioners by 69 O.S. 601 [69-601] (1971), is a public official duty imposed upon them as a board. The classification of duties of public officials is set out at 63 Am.Jur.2d, Public Officers and Employees, 273, page 789 (1972), which states: "From their nature, the powers and duties of public officers are, in general, classified as ministerial and discretionary. From the standpoint of the obligation of the officer to perform, his duties are denominated as mandatory and permissive . . ." 67 C.J.S., Officers, 113, pages 399 (1950), states: "A statute imposing a positive duty on a public officer will be construed as mandatory . . . . ". . . In the construction of statutes addressed to public officials the word 'shall' is generally considered as mandatory. Where regulations for the conduct of public officers prescribe that certain things 'shall' be done, the language is mandatory if the regulation protects the person affected thereby. . . ." (pg. 401) Clearly, the intent of Section 601 is to impose a positive duty on the Board of County Commissioners to maintain those roads which best serve the most people of the county. It is not left to the discretion of the Board of County Commissioners to determine whether it will discharge that duty or not. Accordingly, from the standpoint of the obligation of the Board of County Commissioners to maintain the county roads in its county, such duty is mandatory. Although the said statute makes it an imperative duty to maintain such roads, by the inherent nature of such duty, the Board is bound to exercise its discretion as to the means and method to be employed in such maintenance. That such matters are discretionary appears from the language of the court in Strong v. Day,61 Okl. 166, 160 P. 722 (1916), wherein it discusses the duty of the County Commissioners to repair county bridges, and indicates that roads and bridges are in the same category regarding the duty to maintain and repair the same. The court stated at page 724 as follows: "With the duty to repair necessarily goes the duty to inspect, in person or by agent, in order to ascertain the necessity therefor. Whether or not repairs are necessary; upon what bridges, if more than one is in disrepair, the public funds should be expended; the amount to be devoted to each; the kind of repairs to be made — all these may be matters of discretion . . ." Also, by a plain reading of Section 601, the Board of County Commissioners are implicitly allowed discretion in determining which roads best serve the most people in the county. Therefore, the law makes it the mandatory duty of the Board of County Commissioners to maintain and repair those roads within the county which best serve the most people of the county. However, the means and methods to be employed by the County Commissioners in maintaining such roads, and the determination of which roads best serve the most people of the county are discretionary. In response to your second question, in Strong v. Day, supra, the court, in considering whether the applicable statutes imposed an absolute duty upon the County Commissioners to repair bridges under their charge, said: ". . . The general grant of power to repair bridges above set out carries with it the duty so to do within the funds provided by law for such purposes." (Emphasis added.) (Page 723.) The court held: ". . . That power to repair carries with it the duty to exercise that power within the lawful limitations regarding available finds and the like." (Emphasis added.) (Page 724.) In a second appeal of Strong v. Day, cited at73 Okl. 291, 176 P. 401 (1918), the court ruled that before the County Commissioners would be liable for failure to repair bridges: ". . . It must be shown from the evidence that the county had the funds with which said repairs could be made . . . It is not sufficient to show that there was so much money in the road and bridge fund of the county at a certain date, but it must be shown that the money was there unappropriated for other purposes." Therefore, the duty of the County Commissioners to maintain and repair county roads is mandatory to the extent that funds are available for such purpose, and unappropriated for other purposes. In response to your third question, Lowe v. Storozyszyn, 183 Okl. 471, 83 P.2d 170
(1938), states: "In the absence of a statute imposing liability upon public officials for injuries resulting to individuals by reason of the negligence of such official in maintaining public highways, the overwhelming weight of authority supports the view that there is such liability only where the duties imposed by law upon such officials are ministerial in character and not judicial or discretionary." Hines v. Carroll, 186 Okl. 555, 99 P.2d 113
(1940), involved an action against the individual members of a Board of County Commissioners and their personal liability for negligence based upon alleged nonfeasance in their failure to construct guardrails along the side of a bridge. In distinguishing between those acts of a public officer for which he may or may not be answerable in damages to an individual for the negligent performance or nonperformance thereof, the court recognized those acts which are purely ministerial, viz., performed under a given state of facts, in a prescribed manner, and in obedience to the statutory mandate without regard to official judgment upon the propriety of the work to be performed, and those acts which demand discrimination and judgment in the performance thereof. The court said at page 114, as follows: "If the duty in question in any case is purely ministerial the officer is liable for negligence, if not purely ministerial he is not so liable, unless there is statutory liability. ". . . A county commissioner may be personally liable in damages for injuries suffered by an individual resulting from mere nonfeasance in connection with his official duties to maintain bridges in proper repair, though such nonfeasance concerned wholly his discretionary duties in this regard. Maintenance is a ministerial duty; construction is a discretionary one." This statement by the court was based upon the earlier case of Mott v. Null, 51 Okl. 602,152 P. 92 (1915); which involved the issue of whether public officers were immune from liability for damages arising from repairing a highway, a duty imposed upon them by law. In Mott v. Hull, supra, Syllabus 1 and 2 by the court states, respectively, as follows: "Where the duties of an officer are purely ministerial, he may be liable in damages to anyone who can show he has suffered a special injury because of such officer's failure to perform, or negligent performance of such duty. "An officer may be liable to an individual for negligence in the performance of a purely ministerial duty, although the state or political subdivision thereof which elects him may not, under the law, be liable for his negligence." Strong v. Day, supra, states at page 723: "It must be taken as settled by Mott, et al. v. Hull, supra, that the work of repairing roads — and bridges must rest in the same category — by public officers is ministerial in its nature, and likewise that the distinction between acts of misfeasance and nonfeasance in some of the cases does not exist in this state. . . ." In Lutes v. Thompson,193 Okl. 331, 143 P.2d 135 (1943), the court stated at page 136, as follows: "Construction and maintenance of county highways fall within the statutory duties of County Commissioners. In the performance of those duties, with the exception of maintenance in certain instances, the Commissioners must exercise considerable official discretion." (Citing Hines v. Carroll, supra.) Although the court appears to recognize that in some instances County Commissioners must exercise a discretion in the performance of their duty to maintain county roads, it has consistently held maintenance to be a ministerial duty. This is consistent with the statement at 63 Am. Jur.2d, Public Officers and Employees, 273, page 790 (1972), that: "An act is not necessarily taken out of the class styled 'ministerial' because the officer performing it is vested with a discretion respecting the means or method to be employed." Accordingly, in those instances where the duties of a County Commissioner to maintain county roads are purely ministerial, he may be liable for damages to anyone suffering a special injury because of such officer's failure to perform, or negligent performance of such duty. If it is determined that the particular task of maintaining the county roads demand of the Board its discrimination and judgment in the performance thereof, such officers are not liable for their negligence. Whether a particular official duty regarding maintenance or repair of county roads is purely ministerial is a question of law, and, therefore, determined by the court. Upon a finding by the court that such duty is purely ministerial a County Commissioner may be compelled to respond in damages to the extent of an injury arising from his failure to perform, or negligent performance of such duty. However, the County Commissioners are not insurers as to the safety of roads under their care and supervision, and accordingly, before they may be held personally liable for misfeasance or nonfeasance in maintenance of county roads, the facts must establish that the County Commissioners, as members of the Board, had knowledge of the defective condition in issue, or the lack of maintenance or repair, or could reasonably have ascertained such defective condition or lack of maintenance or repair, and that the county had the funds with which said repairs could be made, and that the money was unappropriated for other purposes. Strong v. Day, 73 Okl. 291, 176 P. 401 (1918). It is, therefore, the opinion of the Attorney General that your question be answered as follows: 1. Title 69 O.S. 601 [69-601] (1971), makes it the mandatory duty of the Board of County Commissioners to maintain those county roads which best serve the most people of the county, and, although the statute makes it an imperative duty to maintain such roads, the Board of County Commissioners may exercise its discretion as to the means and methods to be employed in such maintenance, and also in determination of which roads within the county best serve the most people. 2. The duty to maintain county roads imposed upon the Board of County Commissioners by 69 O.S. 601 [69-601] (1971), is limited to the extent that the necessary funds are available and unappropriated for other purposes. 3. County Commissioners may not be personally liable in damages for injuries resulting from misfeasance or nonfeasance in connection with their official duties to maintain county roads, unless the particular duty in issue is determined, as a matter of law, to be purely ministerial in character, and not judicial or discretionary; the evidence establishes that the County Commissioners, as members of the Board, had knowledge of the defective condition in issue, or could reasonably have determined such defective condition; and it is shown that the county had available unappropriated funds with which the subject maintenance or repairs could be made. (Harold B. McMillan Jr.)